OPINION OF THE COURT
Loren N. Brown, J.
By notice of motion, dated October 5, 1981, and supporting affidavit, the plaintiff moves for permission to reargue a motion for an order compelling the defendant to accept a bill of particulars.
The defendant opposes the motion by affidavit, dated October 13, 1981.
This court issued a conditional order of preclusion on June 10, 1981. By its terms, the order was to become effective unless the plaintiff, within 30 “days after service of this order upon its attorneys with notice of entry thereon, shall serve on the attorney for the defendant a verified bill of particulars as required by said demand”. In its decision of September 28, 1981, the court found that service of the conditional order was effected by mail on June 29, 1981. The plaintiff attempted to serve an answer on August 31, 1981, but it was refused as untimely.
As his ground for reargument, the plaintiff contends that the court overlooked CPLR 2103 (subd [b], par 2) when it ruled that the bill of particulars was not timely served. Pursuant to the relevant provisions of CPLR 2103 (subd [b], par 2), “where a period of time prescribed by law is measured from the service of a paper and service is by *113 mail, three days shall be added to the prescribed period”. Accordingly, if CPLR 2103 (subd [b], par 2) is applicable, service would have been timely.
The issue is whether the 30-day limit allowed by the court in its order is a period of time “prescribed by law”. Clearly it is not.
The expression “prescribed by law” refers to statutory provisions only. (Brinckerhoff v Bostwick, 99 NY 185; People v Santa Clara Lbr. Co., 55 Misc 507.) The service by mail of an order of a court, therefore, does not trigger the three-day extension, and service of the bill of particulars was untimely.
Accordingly, the plaintiff’s motion to reargue is, in all respects, denied.