Michael Corradetti, Respondent, v Dales Used Cars, Appellant.

Third Department, June 21, 1984

APPEARANCES OF COUNSEL

*Tate, Bishko & Ruthman* (*Charles B. Dumas* of counsel), for appellants.

*Paul M. Callahan* (*Richard deSimone* of counsel), for respondent.

OPINION OF THE COURT

Casey, J.

Since the three-day extension provided for in CPLR 2103 (subd [b], par 2) was applicable herein, plaintiff's bill of particulars was timely served on March 25, 1981 in compliance with the terms of a 20-day conditional order of preclusion served upon plaintiff by mail on March 2, 1981. Accordingly, Special Term's order denying defendant's motion for a final order of preclusion must be affirmed.

CPLR 2103 (subd [b], par 2) authorizes the service of papers upon a party in a pending action by mailing them to the party's attorney, and further provides that "where a period of time prescribed by law is measured from the

service of a paper and service is by mail, three days shall be added to the prescribed period".[1] Defendant, citing *Frans Pets v Aggen* (111 Misc 2d 112), argues that the three-day extension is applicable only where the time limit is fixed by statute and not, as here, where the period is set by the court. We disagree.

In *Brinckerhoff v Bostwick* (99 NY 185, 190-191, app dsmd 106 US 3), the court stated: "Such expressions as 'required by law,' 'regulated by law,' 'allowed by law,' 'made by law,' 'limited by law,' 'as prescribed by law,' 'a law of the State,' are of frequent occurrence in the Codes and other legislative enactments; and they are always used as referring to statutory provisions only." Thereafter, in *Board of Educ. v Town of Greenburgh* (277 NY 193, 195), the court explained that such statutory expressions "refer exclusively to the statute law of the State * * * unless, by the purposes of the statute where the words are used, a broader signification is required".[2] The extension provided in CPLR 2103 (subd [b], par 2) constitutes legislative recognition of and compensation for delays inherent in mail delivery (see Siegel, NY Prac, § 202, p 239; see, also, McLaughlin, 1982 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2103:2, p 89, 1983-1984 Pocket Part), and such delays occur irrespective of whether the actual number of days for responding is fixed by statute or by the court. Conditional orders of preclusion are expressly authorized by CPLR 3042 (subd [e]), which states that "[a] preclusion order may provide that it will be effective unless a proper bill is served within a specified time". Accordingly, we conclude that when a court specifies the number of days for responding pursuant to CPLR 3042 (subd [e]), the time period so fixed is "prescribed by law" within the meaning and purpose of CPLR 2103 (subd [b], par 2). Were we to conclude otherwise, we would nevertheless affirm Special Term's order, for we perceive no abuse of discretion in its decision to excuse plaintiff's default, if any occurred, and to extend plaintiff's time to file a bill of particulars (CPLR 2004; see *Jemzura v Benanati,* 55 AD2d 987).

---

**1.** Effective January 1, 1983, the three-day extension has been increased to five days (L 1982, ch 20, § 1).

**2.** Similarly, the CPLR defines law as "any statute or any civil practice rule" (CPLR 105, subd [o]), "[u]nless the context requires otherwise" (CPLR 105, subd [a]).

The order should be affirmed, with costs.

MAHONEY, P. J., KANE, WEISS and MIKOLL, JJ., concur.

Order affirmed, with costs.