■ COUNTY OF NASSAU, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding and cross proceeding pursuant to Executive Law § 298 to review an order of the New York State Division of Human Rights, dated June 30, 1983, finding the petitioner guilty of unlawful discrimination against the complainant Richardson on the basis of his race and color, after a hearing, and awarding the complainant compensatory damages.

Petition granted, on the law, to the extent that the order is modified by deleting provision "2" of the second decretal paragraph thereof and substituting therefor a provision awarding the complainant damages computed by determining the difference between (1) the total amount of earnings the complainant would have received from the petitioner had he remained in its employ through September 30, 1978; and (2) the amount of earnings actually received by the complainant from the petitioner, plus any earnings and unemployment compensation received from other sources for the period from September 16, 1978 through September 30, 1978; plus interest pursuant to General Municipal Law § 3-a, from June 30, 1983 (see, State Div. of Human Rights v New York State Dept. of Correctional Servs., 90 AD2d 51, 59). Proceeding otherwise dismissed on the merits, without costs or disbursements, and matter remitted to the New York State Division of Human Rights for a computation of damages.

Cross petition dismissed, without costs or disbursements.

The determination by the New York State Division of Human Rights that the petitioner was guilty of unlawful discrimination against the complainant on the basis of his race and color was supported by substantial evidence (see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176). It was improper, however, for the Division to base its damage award on the salary received by another employee who, like the complainant, had originally been employed as a temporary employee but who later was hired by the Town of Hempstead as a seasonal employee. There was no evidence that the complainant would have been offered seasonal employment were it not for the illegal discrimination. For this reason, the award of compensatory damages should not have been determined based on the amount of compensation the complainant would have received had he been offered seasonal employment (see, New York City Bd. of Educ. v Sears, 83

AD2d 959, *appeal dismissed* 55 NY2d 825). The record clearly shows that the complainant was employed in a temporary CETA (Comprehensive Employment and Training Act) project which was scheduled to end on September 30, 1978. In these circumstances, he was entitled to an award based on the earnings he would have received had he worked until the project's completion. Since the record is insufficient to permit this court to determine this amount, we remit to the Division to recompute this aspect of the damage award.

The complainant failed to seek judicial review, as required, within 60 days of June 1, 1984, the effective date of Laws of 1984 (ch 83, § 4). Consequently, his cross petition must be dismissed as untimely *(see, Matter of Sessions v Brunswick Hosp. Center,* 112 AD2d 238). Lazer, J. P., Mangano, Brown and Weinstein, JJ., concur.