■ In the Matter of UNITEL VIDEO, INC., Petitioner, v NEW

YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—
This CPLR article 78 and Executive Law § 298 proceeding was
transferred to this court by order, Supreme Court, New York
County (Alfred M. Ascione, J.), entered March 31, 1988. Deter-
mination, dated January 5, 1988, of respondent, Commissioner
of the New York State Division of Human Rights, which
found, after a public hearing, that petitioner, Unitel Video,
Inc., had discriminated against complainant, Ms. Charlene D.
Singelton, by terminating her as a camera operator on the
basis of her sex, and, *inter alia,* ordering petitioner to (1)
either rehire her as a camera operator or offer her a compar-
able position, (2) pay her back pay with interest, and, (3) pay
her $25,000 as compensation for mental anguish, is unani-
mously modified, on the law and on the facts, petition is
granted to the extent of reducing the award for mental
anguish to $5,000, and except as thus modified, the determina-
tion is otherwise confirmed, without costs.

Musical Television Video (MTV) is a company which shows
prerecorded music videos on television. Early in 1984 MTV
contracted with Unitel Video, Inc. (Unitel) to produce for it, in
Unitel's television studios, the segments of MTV's programs
which are aired on television between the music videos. There-
after, in March 1984, Unitel hired Ms. Charlene D. Singelton
as a full-time camera operator, and assigned her to work on
the MTV show. Subsequently, in October 1984, Unitel fired
Ms. Singelton.

On or about February 15, 1985, Ms. Singelton (complainant)
filed a complaint with the New York State Division of Human
Rights (SDHR), in which she alleged, in substance, that Unitel
terminated her employment upon the basis that she is a
female. After a public hearing, the Commissioner of the SDHR
found that Unitel had discriminated against complainant, and
ordered Unitel, *inter alia,* to: (1) either rehire her as a camera
operator or offer her comparable employment, (2) pay her
back pay with interest, and, (3) pay her $25,000 as compensa-
tion for mental anguish.

Thereafter, Unitel (petitioner) instituted a proceeding pursu-
ant to CPLR article 78 and Executive Law § 298, challenging
the SDHR's (respondent) determination. By order of the Su-
preme Court, New York County, that proceeding has been
transferred to this court for review.

Following our examination of the record, while we find that
substantial evidence supports the determination of discrimina-
tion made by the Commissioner of SDHR *(Matter of New York*

*City Bd. of Educ. v Batista,* 54 NY2d 379, 384-385 [1981]), we also find that part of the Commissioner's order which awards the complainant $25,000 for mental anguish to be grossly excessive, since " 'in the light of all the circumstances * * * [it is] shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233 [1974]; *see also, Matter of Imperial Diner v State Human Rights Appeal Bd.,* 52 NY2d 72 [1980]).

Accordingly, we grant the petition to the extent of reducing the award for mental anguish to $5,000, and except as thus modified, the determination is otherwise confirmed. Concur—Ross, J. P., Asch, Kassal, Ellerin and Smith, JJ.