■ In the Matter of LAWRENCE A. BARTON, Appellant, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Respondent. —Order and judgment (one paper), Supreme Court, New York County (Helen E. Freedman, J.), entered November 9, 1988, which, *inter alia,* (1) dismissed the CPLR article 78 petition of Dr. Lawrence A. Barton, D.D.S. (petitioner), which was instituted to annul the decision and order (determination) dated December 21, 1987 of the respondent, New York City Commission on Human Rights (respondent), which found petitioner guilty of engaging in discriminatory practices, and ordered him to pay complainant $15,000 for his mental anguish, and to cease and desist from engaging in such discriminatory practices, and (2) affirmed respondent's determination, is unanimously modified, on the law and on the facts, to reduce the award for mental anguish to $5,000, and, except as thus modified, otherwise affirmed, without costs.

Dr. John W. Wolf, D.D.S. (complainant), in April 1986, filed a complaint with the New York City Commission on Human Rights (Commission) in which he alleged, in substance, that Dr. Lawrence A. Barton, D.D.S., had discriminated against him by terminating complainant's sublease, on or about November 23, 1985, since complainant provided dental treatment to persons who were ill with AIDS.

After a hearing, the Commission found that Dr. Barton had discriminated against complainant, and ordered Dr. Barton: (1) to pay complainant $15,000 for mental anguish, and (2) to cease and desist from engaging in discriminatory rental practices at the subject premises.

Subsequently, Dr. Barton instituted a proceeding, pursuant to CPLR article 78, challenging the Commission's determination. Thereafter, the IAS court affirmed, and dismissed the petition.

Following our examination of the record, while the matter is not free from doubt, we find "sufficient evidence" supports the determination of discrimination made by the Commission *(Matter of Pace Coll. v Commission on Human Rights,* 38 NY2d 28, 35-36 [1975]); we also find that part of the Commission's order which awarded the complainant $15,000 for mental anguish to be grossly excessive, since " ' "in the light of all the circumstances [it is] shocking to one's sense of fairness" ' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233 [1974]; *Matter of Unitel Video v New York State Div. of Human Rights,* 147 AD2d 377 [1st Dept 1989]).

Accordingly, we modify to reduce the award for mental anguish to $5,000, and, except, as thus modified, the determination is otherwise affirmed.

We have considered the other points presented by appellant, Dr. Barton, and find them to be without merit. Concur—Kupferman, J. P., Ross, Carro, Ellerin and Smith, JJ. *[See,* 140 Misc 2d 554.]