■ In the Matter of GRUMMAN AEROSPACE CORPORATION, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review an order of the respondent New York State Division of Human Rights, dated May 31, 1988, which, after a hearing, found that the petitioner had discriminated against the respondent Walter J. Berg on the basis of his age, after a hearing, and, *inter alia,* awarded the complainant compensatory damages in the sum of $50,000.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination is modified by adding a provision thereto reducing the award of back pay to the respondent Walter J. Berg by the amount of severance pay and unemployment benefits he received subsequent to the termination, and by annulling the third decretal paragraph of the determination; the determination is otherwise confirmed, the proceeding is otherwise dismissed on the merits, and the matter is remitted to the respondent New York State Division of Human Rights for a new assessment of compensatory damages for mental anguish consistent with this decision, and for a recomputation of back pay.

The determination by the respondent New York State Division of Human Rights that the petitioner was guilty of unlawful discrimination against the respondent Walter J. Berg on the basis of his age was supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). We cannot conclude, moreover, that the Administrative Law Judge misapplied the law with respect to the burden of proof in the instant case *(see, Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623; *Matter of Pace Coll. v Commission on Human Rights,* 38 NY2d 28, 40; *Price Waterhouse v Hopkins,* 490 US —, 104 L Ed 2d 268).

We find, however, that the award for back pay was improperly calculated and should be decreased by the amount received by the complainant for unemployment and severance payments subsequent to termination *(see, Matter of Bayport-Blue Point School Dist. v State Div. of Human Rights,* 131 AD2d 849; *County of Nassau v New York State Div. of Human Rights,* 123 AD2d 341). Moreover, the award of $50,000 for mental anguish was excessive and we recommend that on

remittitur, a new award not to exceed $5,000 be made (see, *Matter of Unitel Video v New York State Div. of Human Rights,* 147 AD2d 377; *Matter of Board of Educ. v State Div. of Human Rights,* 109 AD2d 988).

We have considered the petitioner's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.