■ In the Matter of QUALITY CARE, INC., Petitioner, v MARGARITA ROSA, as Commissioner of the New York State Division of Human Rights, et al., Respondents. [599 NYS2d 65] —Proceeding pursuant to Executive Law § 298 to review an order of the Commissioner of the New York State Division of Human Rights, dated August 16, 1990, which, after a hearing, (1) found that the petitioner had discriminated against the complainant Vernita Bing because of her race and color and (2) awarded her back pay and the sum of $10,000 in compensatory damages for mental anguish and humiliation.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the Commissioner's order is modified by deleting therefrom the third numbered subparagraph contained in the second decretal paragraph; the Commissioner's order is otherwise confirmed, and the matter is remitted to the Commissioner for the imposition of a new award of compensatory damages for mental anguish and humiliation which shall not exceed $5,000.

The determination that the petitioner Quality Care, Inc., discriminated against the complainant Vernita Bing on the basis of race and color, terminating her employment in violation of Executive Law § 296, is supported by substantial

evidence in the record *(see,* Executive Law § 298; *Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623, 630-631; *Matter of State Div. of Human Rights [Granelle],* 70 NY2d 100, 106; *Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.,* 59 NY2d 69, 75).

It is well settled that an award of compensatory damages to a person aggrieved by an illegal discriminatory practice may include compensation for mental anguish and humiliation and that an award may be based solely on the complainant's testimony *(see, Matter of Cosmos Forms v State Div. of Human Rights,* 150 AD2d 442). Here, the sole evidence of mental anguish and humiliation was Bing's testimony that she was "shock[ed]" and "devastated" by her termination, that she was "in a real pickle", and that she felt bad. We find that, in the absence of any evidence of the duration of Bing's condition, its severity or consequences, and in the absence of evidence of any medical treatment, the Commissioner's award of $10,000 for mental anguish and humiliation was excessive and we recommend that, upon remittitur, a new award not to exceed $5,000 be made *(see, Matter of Cosmos Forms v State Div. of Human Rights, supra; Matter of New York City Tr. Auth. v State Div. of Human Rights,* 160 AD2d 874, 875; *Matter of Empbanque Capital Corp. v White,* 158 AD2d 686; *Matter of Barton v New York City Commn. on Human Rights,* 151 AD2d 258; *Matter of Grumman Aerospace Corp. v New York State Div. of Human Rights,* 151 AD2d 573; *Matter of Unitel Video v New York State Div. of Human Rights,* 147 AD2d 377).

We have considered the petitioner's remaining contentions and find that they do not warrant a contrary result. Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.