MICHELLE M. PACE, Appellant, v ZACHARY D. OLIVER et al., Respondents. [613 NYS2d 97] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Supreme Court erred in denying plaintiff's cross motion for an order compelling defendants to accept a verified bill of particulars. On November 5, 1992, defendants were granted an order precluding plaintiff from giving evidence at trial of particulars within the scope of their demand for a bill of particulars unless, within 45 days after service of the order, plaintiff furnished defendants with a verified bill of particulars. That conditional order of preclusion was served on plaintiff by mail on November 5, 1992. Defendants received a verified bill of particulars from plaintiff on December 23, 1992, and rejected it as untimely. Because defendants served Supreme Court's 45-day

conditional order of preclusion by mail, an additional five days is added to the period prescribed pursuant to CPLR 2103 (b) (2) and, therefore, plaintiff's bill of particulars was timely *(see, Corradetti v Dales Used Cars,* 102 AD2d 272; *see also, Penn v American Airlines,* 192 AD2d 385, 386; *Sultana v Nassau Hosp.,* 188 AD2d 647, 648). Consequently, the cross motion to compel defendant to accept plaintiff's verified bill of particulars must be granted.

Because plaintiff failed to brief on appeal that portion of the order that denied her cross motion for an order compelling defendants to appear at an examination before trial, that portion of plaintiff's appeal is deemed abandoned *(see, Dirito v Stanley,* 203 AD2d 903). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Discovery.) Present—Denman, P. J., Pine, Lawton, Callahan and Davis, JJ.