■ HAROLD PRUNTY et al., Respondents, v YMCA OF LOCKPORT, INC., Appellant. (Appeal No. 2.) [616 NYS2d 117] —Order unanimously affirmed without costs. Memorandum: Defendant YMCA of Lockport, Inc. (YMCA) appeals from an order of Supreme Court that granted plaintiffs' motion to set aside a portion of a jury verdict and directed a new trial on damages only. The court vacated those portions of the verdict that awarded damages for past and future pain and suffering, determined the duration of future pain and suffering, and awarded no damages to plaintiff wife on her derivative cause

of action. YMCA also appeals from the court's denial of its cross motion to set aside the jury verdict on the ground that the jury failed to find that the negligence of plaintiff husband was a proximate cause of his injury.

The court employed the "shocks the conscience" test in determining plaintiffs' motion to set aside the jury's award for past and future pain and suffering. At least two of the Departments of the Appellate Division have ruled that a trial court may overturn a jury's award of damages in a negligence action where it "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Cochetti v Gralow,* 192 AD2d 974, 975 [3d Dept]; *Wendell v Supermarkets Gen. Corp.,* 189 AD2d 1063 [3d Dept]; *Shurgan v Tedesco,* 179 AD2d 805 [2d Dept]; *see also,* Siegel, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5501:10, 1994 Pocket Part, at 4-5), and we now adopt the same rule.

Although the court should exercise its discretion over damage awards sparingly *(Shurgan v Tedesco, supra,* at 806), it is accorded considerable latitude in that regard *(see, Staiano v Cronk,* 51 AD2d 649). Upon our review of the record, we conclude that the court appropriately exercised its discretion in vacating the jury's award of damages for past and future pain and suffering.

The court properly vacated the jury's verdict on plaintiff wife's derivative cause of action. The testimony indicates that plaintiff husband is restricted to the use of a wheelchair and that plaintiff wife has taken on substantial new responsibilities in providing care for him and in maintaining the household. In light of the jury's verdict in favor of plaintiff husband, the verdict awarding no damages on plaintiff wife's cause of action is inconsistent with the verdict in favor of plaintiff husband *(see, Safchik v Board of Educ.,* 158 AD2d 277, 279).

YMCA argues that the court also should have ordered a new trial on the issue of the causal relationship between the injuries plaintiff husband sustained when he fell and his subsequent infection. YMCA did not object to the court's instruction to the jury on the issue of proximate cause, and thus failed to preserve that issue for review *(see,* CPLR 4110-b, 5501 [a] [3]).

YMCA failed to brief the issue concerning the jury's determination that the negligence of plaintiff husband was not the proximate cause of his injuries. That issue is therefore deemed abandoned *(see, Pace v Oliver,* 204 AD2d 1058; *Dirito v Stan-*

*ley,* 203 AD2d 903). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Set Aside Verdict.) Present—Denman, P. J., Balio, Wesley and Davis, JJ.