■ CHRISTOPHER O. INYA et al., Appellants, v IDE HYUNDAI, INC., et al., Respondents. [619 NYS2d 440] —Order and judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for past and future pain and suffering only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the verdict to $80,000 for past pain and suffering and $150,000 for future pain and suffering, in which event the order and judgment is modified accordingly and as modified affirmed without costs. Memorandum: Supreme Court may set aside a jury's award of damages if it materially deviates from what would be reasonable compensation (see, Prunty v YMCA of Lockport, 206 AD2d 911; Cochetti v Gralow, 192 AD2d 974, 975; Shurgan v Tedesco, 179 AD2d 805). The court erred in applying the "shocks the conscience" test to plaintiffs' motion to set aside the verdict on the ground that it was inadequate. We conclude that the jury's awards of $20,000 for past pain and suffering and $40,000 for future pain and suffering materially deviate from what would be reasonable compensation (see, CPLR 5501 [c]). Christopher O. Inya (plaintiff) suffered fractures of the tibia, radius and femur. He underwent two operations and a third is a possibility. He has sustained a permanent partial disability, faces the possibility of future arthritic degeneration in his left knee, continues to experience pain and discomfort, and no longer can engage in the athletic activities he enjoyed prior to his injuries. In our view, awards of $80,000 for past pain and suffering and $150,000 for future pain and suffering would be reasonable compensation for plaintiff's injuries. (Appeal from Order and Judgment of Supreme Court, Monroe County, Siragusa, J.— Set Aside Verdict.) Present—Green, J. P., Fallon, Wesley, Doerr and Boehm, JJ.