(September 21, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NOAH LIP-MAN, on Behalf of JORGE CASTELLANO, Petitioner, v PATRICK MAHONEY, as Sheriff, Respondent. [631 NYS2d 537] —Writ of habeas corpus in the nature of an application to reduce bail upon Suffolk County Indictment No. 1846/95.

Adjudged that the writ is sustained, without costs or disbursements, to the extent of reducing bail on Suffolk County Indictment No. 1846/95 to the sum of $25,000, which may be posted in the form of an insurance company bail bond in that sum or by depositing the same sum as a cash bail alternative. Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.

(September 25, 1995)

■ ALERT MEDICAL PERSONNEL, Respondent, v PHILIP RERA et al., Appellants. [631 NYS2d 433] —In an action to recover damages, *inter alia,* for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), dated April 4, 1994, which granted the plaintiff's motion, *inter alia,* to dismiss their counterclaim and imposed sanctions of $500 against their attorney.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, and the sanctions are vacated.

Under the court's conditional order of preclusion, the defendants had 60 days from service of a copy of the order with notice of entry to comply with the plaintiff's discovery demands. The order was served by mail on August 31, 1993, giving the defendants until November 4, 1993 to serve their responses *(see,* CPLR 2103 [b] [2]; *see also, Sultana v Nassau Hosp.,* 188 AD2d 647). The defendants complied with the court's order by serving their responses on November 1, 1993. Accordingly, the defendants' counterclaim should not have been dismissed and sanctions should not have been imposed. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.