Richard Hall LIGHTFOOT, Plaintiff,

v.

**UNION CARBIDE CORPORATION, A.W. Lutz, President, Industrial Chemicals Division, and W.E. Shackelford, Vice President, Industrial Chemicals Division, Defendants.**

No. 92 Civ. 6411 (HB).

United States District Court,
S.D. New York.

Oct. 24, 1995.

Arthur Wisehart, Wisehart & Koch, New York City, for Plaintiff.

Joel E. Cohen and Nancy I. Solomon McDermott, Will & Emery, New York City, for Defendants.

### ORDER AND OPINION

BAER, District Judge.

Plaintiff Richard Lightfoot commenced this action against his former employer, Union Carbide, and Union Carbide executives A.W. Lutz and W.E. Shackelford (collectively, the "defendants") alleging, *inter alia,* wrongful termination based on age discrimination under the Age Discrimination in Employment Act of 1967, *as amended,* 29 U.S.C. § 621 *et seq.* ("ADEA"), and under the New York State Executive Law § 296 (McKinney 1993) ("NYSHRL"). After trial, the jury found in favor of Lightfoot and awarded him $750,000 in compensatory damages under the NYSHRL.

Lightfoot now moves for attorneys' fees under section 626(b) of ADEA. The defendants move for a new trial, pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, and in the alternative, for a new trial on the issue of damages, or for a remittitur.

For the reasons that follow, Lightfoot's motion for attorneys' fees is denied; the defendants' motion for a new trial is denied; the defendants' motion for a new trial on the issue of damages is denied; and the defendants' motion for remittitur is granted in accordance with this opinion.

### I. Background

Traced to its origins, Lightfoot's suit alleged a panoply of claims against the defendants including breach of contract, quantum meruit, unjust enrichment, tortious interference with contract, as well as age discrimination under ADEA and the NYSHRL. Judge Patterson dismissed all of Lightfoot's claims except for those brought under ADEA and the NYSHRL. *See* Order and Opinion, 92 Civ. 6411 (RPP), 1994 WL 184670, May 12, 1994. Regarding Lightfoot's discrimination claims, Judge Patterson held that

Defendants' motion for summary judgment on plaintiff's ADEA and New York State Human Rights claims is denied ... Although plaintiff may pursue his federal and New York State age discrimination claims he cannot recover damages for lost wages because he continued to receive full pay as a severance benefit after he was offered his job back. Summary judgment is granted in the defendants' favor in all causes of actions as to Carbide's liability for backpay.

*Id.* at 8–12. In a subsequent opinion, Judge Patterson further ruled that Lightfoot was not entitled to damages for front pay. *See* Order and Opinion, 92 Civ. 6411 (RPP), 1994 WL 406161, July 28, 1993, at p. 3.

Because Judge Patterson's rulings stripped Lightfoot of any compensable damages under ADEA, I dismissed that claim, over the objection of the plaintiff. *See* Trial Tr. at pp. 2–5. Accordingly, the only claim Lightfoot presented to the jury was age discrimination under the NYSHRL. It was that claim on which the jury on June 29, 1995 awarded Lightfoot $750,000 in compensatory damages.

### II. Discussion

A. *Lightfoot's Motion For Attorneys' Fees and Post-judgment Interest.*

1. *Attorneys' Fees*

Lightfoot argues that in his view, the ADEA claim was never dismissed and he is entitled to attorneys' fees as a prevailing party under that statute. 29 U.S.C. § 626(b).[1] Although Lightfoot correctly notes that Judge Patterson did not dismiss his ADEA claim, he overlooks the fact that I did. *See* Trial Tr. at pp. 2–5.

Lightfoot's more substantial argument, although equally unavailing, is that I improperly dismissed his ADEA claim. Because Judge Patterson's prior rulings effectively deprived Lightfoot of any relief under ADEA, *see supra,* pp. 2–3, I dismissed that claim just before the commencement of trial. *See supra,* p. 3. In *McLaughlin v. State of*

---

1. Because attorneys' fees are not recoverable under the NYSHRL, Lightfoot is entitled to attorneys' fees only if his ADEA claim was alive and well at the trial.

*New York, Governor's Office of Employee Relations,* 784 F.Supp. 961 (N.D.N.Y.1992), a case that addresses the status of a Title VII claim without a remedy, the plaintiff sued her employer for sexual harassment under Title VII. The employer moved for summary judgment, arguing that because the plaintiff was not fired or demoted, which might have entitled her to backpay, she had no viable remedy and her claims should be dismissed. In agreeing with the employer's reasoning, the court stated that "[t]he 'case or controversy' requirement of Article III of the United States Constitution dictates that a plaintiff cannot maintain a suit in which no relief can be granted." *Id.* at 973 (citation omitted). The court further held that

> a threshold to recovery of attorneys' fees is that the plaintiff must prevail *in the underlying Title VII action.* If a plaintiff does not prevail in the underlying action, then she cannot recover attorney's fees under Title VII.
>
> The effect of the "prevailing party" rule is that plaintiff cannot rely upon the possible availability of attorney's fees as a remedy that would allow her to withstand defendants' motion for summary judgment. A suit *cannot be maintained for the sole purpose of recovering attorney's fees.*

*Id.* at 980 (emphasis added) (citations omitted).

Similarly, in another case where no viable remedy was available to a Title VII plaintiff, the Seventh Circuit dismissed the plaintiff's complaint for failure to state a claim. *Hale v. Marsh,* 808 F.2d 616 (7th Cir.1986). The court held that "[a] Title VII suit [cannot] be maintained for the sole purpose of obtaining an attorney's fee for the plaintiff's lawyer." *Id.* at 620 (citation omitted).

Lightfoot further claims that, notwithstanding *McLaughlin* and *Hale,* attorneys' fees are nevertheless appropriate in instances where a plaintiff prevails on a state claim pendent to an unsuccessful civil rights claim. *Milwe v. Cavuoto,* 653 F.2d 80, 84 (2d Cir. 1981). He argues that this action presents just the circumstances that the *Milwe* court contemplated. I disagree. The *Milwe* court limited its holding to situations where " 'the plaintiff prevails on a wholly statutory, non-

civil rights claims *pendent to a substantial constitutional claim....* '" *Id.* (emphasis added) (quoting *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)). As I dismissed Lightfoot's ADEA claim before the commencement of trial, he lacked the requisite "substantial constitutional claim."

### 2. *Post-judgment Interest*

Lightfoot seeks to recover post-judgment interest from the date the verdict was rendered to the date of entry of judgment, pursuant to C.P.L.R. § 5002 (McKinney 1992), and from the date of entry of judgment forward, pursuant to 28 U.S.C. § 1961(a) and C.P.L.R. § 5003 (McKinney 1992).

■ Federal courts agree that post-judgment interest on a money judgment recovered in federal court is governed by 28 U.S.C. § 1961(a). *See, e.g., Fuchs v. Lifetime Doors, Inc.,* 939 F.2d 1275, 1280 (5th Cir.1991); *Travelers Ins. Co. v. Transport Ins. Co.,* 846 F.2d 1048, 1053–54 (7th Cir. 1988); *Goldman v. Burch,* 778 F.Supp. 781, 790 (S.D.N.Y.1991).

■ The language of Section 1961(a) seems clear: "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.... *Such interest shall be calculated from the date of the entry of the judgment....* " 28 U.S.C. § 1961(a) (emphasis added). Accordingly, Lightfoot is entitled to post-judgment interest from the date judgment was entered.

### B. *Union Carbide's Motions*

The defendants move for a new trial on the grounds that the jury's verdict is contrary to the weight of the evidence; the admission of improper evidence and prejudicial comments made by Lightfoot's attorney, Arthur Wisehart, tainted the jury; and the jury's award is excessive and unreasonable. In the alternative, the defendants argue that they are entitled to a new trial on the issue of damages, or to a remittitur.

### 1. *Motion For a New Trial*

#### a. *Jury verdicts that are contrary to the weight of the evidence*

 A motion for a new trial may be granted when the district court feels that " 'the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice....' " *Song v. Ives Laboratories, Inc.*, 957 F.2d 1041, 1047 (2d Cir.1992) (citations omitted). In this case, although in my view the evidence presented by the plaintiff on his claim was at best equivocal. I cannot characterize the result as "seriously erroneous."

#### b. *Evidence that is improperly admitted*

 Where evidence that prejudices the rights of a party has been improperly admitted, a court may order a new trial. *See, e.g., Logan v. Dayton Hudson Corp.*, 865 F.2d 789 (6th Cir.1989). Here, the defendants argue that the jury was tainted by testimony that I erroneously admitted and by improper comments made by Mr. Wisehart in the jury's presence. Even accepting the defendants' position regarding the admissibility of the evidence at issue and the propriety of Mr. Wisehart's comments, they do not amount to prejudice so extreme as to warrant a new trial.

### 2. *Defendants' Motion For a New Trial on Damages or a Remittitur*

The defendants' arguments in favor of a new trial on the issue of damages is unnecessary in light of the law with respect to excessive verdicts and remittiturs. Based on the law, a remittitur is appropriate. Looking at New York law, the standard spelled out in CPLR § 5501(c) is pretty well established as applicable to trial and appellate courts and reads in pertinent part that "an award is excessive if it deviates materially from what would be reasonable compensation." *See Prunty v. YMCA of Lockport Inc.*, 206 A.D.2d 911, 616 N.Y.S.2d 117 (4th Dep't 1994). In analyzing the issue in *Prunty*, the Fourth Department wrote "at least two of the Departments of the Appellate Division have ruled that the trial court may overturn a jury's award of damages in a negligence action where it deviates materially from what would be reasonable compensation.... We now adopt the same rule." *Prunty*, 206 A.D.2d at 912, 616 N.Y.S.2d at 118.

At least one Federal District Court has reached the same conclusion. *See Travelers Companies v. New York General Mechanical, Inc.*, 1994 WL 584926 (W.D.N.Y. Oct. 24, 1994). The issue then is how to determine excessiveness. In a recent decision, Judge Leval concludes that the court must take into consideration verdicts in similar cases as one way to determine whether there is a material deviation:

> [i]n the face of so substantial a pattern of New York judgments communicating that New York courts find excessiveness in such cases at far lower levels, we believe it was error for the district court to conclude that the jury's $12 million award was within the range accepted by New York law.

*Consorti v. Armstrong World Industries*, 64 F.3d 781, 791–92 (2nd Cir.1995). After a review of New York State Human Rights law verdicts dealing with age discrimination and other wrongdoing covered by the law, there seems little doubt that the verdict here was a material deviation from the norm. A number of New York courts have remitted damage awards in discrimination cases. *See, e.g., Quality Care, Inc. v. Rosa*, 194 A.D.2d 610, 599 N.Y.S.2d 65, 66 (2d Dep't 1993) ($10,000 award for compensatory damages in age discrimination case remitted to $5,000); *Pioneer Group v. State Division of Human Rights*, 174 A.D.2d 1041, 572 N.Y.S.2d 207, 208 (4th Dep't 1991) ($10,000 award for compensatory damages awarded to plaintiff who was unlawfully discriminated against on basis of conviction of a crime remitted to $5,000); *Cosmos Forms, Ltd. v. State Division of Human Rights*, 150 A.D.2d 442, 541 N.Y.S.2d 50, 51 (2d Dep't 1989) ($35,000 award for compensatory damages for racial discrimination remitted to $5,000).

Similarly, the First Circuit, sitting in review of a Puerto Rican District Court's reduction of plaintiff's jury award for the pain and suffering incurred as a result of job loss from $150,000 to $37,500 found that the reduction was not unjustified. *See Sanchez v.*

*Puerto Rico Oil Co.,* 37 F.3d 712, 724 (1st Cir.1994).

In another recent Federal case, *Binder v. Long Island Lighting Company,* 847 F.Supp. 1007 (E.D.N.Y.1994), a $497,738 verdict for pain and suffering was reduced to $5,000. In an even more recent Title VII lawsuit, Judge Chin upheld an award on a far more unfortunate fact pattern than in the case at bar, that included $100,000 for pain and suffering. *Marfia v. Ozman,* 903 F.Supp. 463, 470 (S.D.N.Y.1995). In that case, the plaintiff was so distressed by his wrongful termination that he attempted suicide and was fortuitously stopped by his fifteen year old son. The plaintiff was then taken to a hospital where he was placed on suicide watch for two weeks. Nothing as compelling came to light here.

In the instant action, Lightfoot's compensatory damage verdict was a material deviation not only from similar cases but also from the proof adduced at trial. Taken together with Judge Leval's decision in *Consorti,* the verdict must be reduced.

Plaintiff's damages are remitted from $750,000 to $75,000.

### III. Conclusion

For the reasons set forth above, Lightfoot's motion for attorneys' fees is denied; the defendants' motion for a new trial is denied; the defendants' motion for a new trial on the issue of damages is denied; and the defendants' motion to remit damages is granted in accordance with this Order and Opinion.

SO ORDERED.