■ JUSTIN PODOLSKY, an Infant, by SHIRLEY PODOLSKY, His Mother and Guardian, et al., Respondents, v NEVELE WINTER SPORTS, INC., Appellant. [649 NYS2d 104] —Yesawich, Jr. J. Appeal from an order of the Supreme Court (Carpinello, J.), entered September 5, 1995 in Ulster County, which denied defendant's motion for a change of venue.

By summons and complaint dated December 5, 1994, plaintiffs commenced this personal injury action in Supreme Court, Kings County. On May 11, 1995, defendant answered by mail and demanded a change of venue to Ulster County. On May 22, 1995, plaintiffs sent an affidavit asserting that venue properly belonged in Kings County. Defendant's subsequent motion for change of venue, dated May 24, 1995, was made returnable in Supreme Court, Ulster County. That court concluded that it lacked jurisdiction, and denied the motion without prejudice to its being renewed in Kings County. Defendant appeals.

We affirm. CPLR 511 (b) requires that a motion to change venue be made in the county where the suit was commenced if, within five days after service of the demand to change venue, a plaintiff "serves an affidavit showing either that the county specified by defendant is not proper or that the county designated by [plaintiff] is proper". Service of a defendant's demand by mail affords a plaintiff five additional days to serve

the affidavit of proper county (CPLR 2103 [b] [2]). Here, there is no dispute that plaintiffs' affidavit was timely served.*

Defendant claims that the affidavit, which asserted that suit was properly brought in the county where plaintiffs reside, was inadequate, because it failed to address the issue of whether plaintiffs had agreed by contract that this action would be tried in Ulster County. Apparently, guests of defendant's facility, where the injury occurred, are obliged to sign documents which provide, *inter alia*, that should a suit be commenced against defendant, venue will be laid in Ulster County. This argument, however, ignores the fact that defendant did not manifest its intent to rely on the forum selection clause until *after* plaintiffs' responsive affidavit was served; the initial demand, to which plaintiffs were responding, did not indicate any factual or legal basis for defendant's request. Under these circumstances, and inasmuch as it is not disputed that plaintiffs reside in Kings County, their affidavit sufficed to demonstrate, prima facie, why the county they had designated was proper (CPLR 503 [a]; 511 [b]). Accordingly, Supreme Court, Ulster County, correctly held that it lacked jurisdiction to hear and determine the motion (*see, Vacant Lots v Town Bd.*, 116 AD2d 865; *Quinn v Stuart Lakes Club*, 53 AD2d 775). Defendant's remaining arguments have been considered and rejected as unpersuasive.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Because the 10th day fell on May 21, 1995, which was a Sunday, plaintiffs were given an extra day to serve their responsive affidavit (*see,* General Construction Law § 25-a).