■ In the Matter of RONALD S. HARVEY, Respondent, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants. [651 NYS2d 720] —Casey, J. Appeal, by permission, from an order of the Supreme Court (Hughes, J.), entered July 26, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition.

The only issue in this appeal is whether the provisions of CPLR 2103 (b) (2) require that five days be added to the time within which a respondent in a CPLR article 78 proceeding must move to dismiss the petition if the motion papers are served by mail. We conclude that CPLR 2103 (b) (2) is inapplicable to the time period at issue in this case and, therefore, we reverse Supreme Court's order. CPLR 2103 (b) (2) is applicable "where a period of time prescribed by law is measured from the service of a paper and service is by mail". A motion to dismiss in a CPLR article 78 proceeding must be made within the time allowed for an answer (CPLR 7804 [f]), which is at least five days before the return date (CPLR 7804 [c]). "The add-5-days-for-mail provision * * * applies only to a paper whose service measures another party's obligation" (Siegel, NY Prac § 247, at 370, n 4 [2d ed]). The return date in a CPLR article 78 proceeding is set by the petition and, therefore, no

five-day addition applies to the time to answer (*see, supra*). As the time prescribed for a motion to dismiss in a CPLR article 78 proceeding coincides with the time to answer (*see*, CPLR 7804 [f]), the add-five-days-for-mail provision does not apply to such a motion (*but cf., Perez v Perez*, 131 AD2d 451). Supreme Court therefore erred in denying respondent's motion as untimely and should now consider the merits.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.