■ Alice Giardelli, Respondent, v Rainbow Apparel Distribution Center Corp., Also Known as Rainbow Shops, Inc., et al., Appellants, et al., Defendant. [692 NYS2d 464] —In an action to recover damages for personal injuries, (1) the defendant Smiles Fashion Corp. d/b/a Rosey Tomato appeals from an order of the Supreme Court, Kings County (Golden, J.), dated February 20, 1998, which denied its motion to renew or reargue the plaintiff's motion, *inter alia,* to preclude it from asserting any defenses pursuant to CPLR article 16, which was determined by a decision of the same court dated December 12, 1997, and (2) the defendants Rainbow USA, Inc., s/h/a Rainbow Apparel Distribution Center Corp., a/k/a Rainbow Shops, Inc., and the defendant Smiles Fashion Corp., d/b/a Rosey Tomato separately appeal from an order of the same court, dated March 31, 1998, which granted the plaintiff's motion to

preclude them from asserting any defenses pursuant to CPLR article 16.

Ordered that the appeal from the order dated February 20, 1998, is dismissed, as no appeal lies from an order denying renewal or reargument of a decision (*see, DeFalco v JRS Confectionary,* 118 AD2d 752, 753); and it is further,

Ordered that the order dated March 31, 1998, is reversed, on the law, and the motion is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff commenced the instant action to recover damages for personal injuries that she sustained when a dress she was wearing allegedly ignited. By order dated September 26, 1997, she was granted a conditional order precluding the appellants from asserting defenses pursuant to CPLR article 16 and from offering evidence at trial with respect to the manufacturer of the dress, unless within 30 days after service of the order, the appellants identified its manufacturer. That order was served on the defendant, Smiles Fashion Corp., d/b/a Rosey Tomato (hereinafter Smiles), by mail on October 10, 1997. Smiles mailed its response to the plaintiff's interrogatories on November 7, 1997. Therefore, the response by Smiles to the plaintiff's interrogatories was timely (*see, Alert Med. Personnel v Rera,* 219 AD2d 691; *Pace v Oliver,* 204 AD2d 1058; *Sultana v Nassau Hosp.,* 188 AD2d 647; *Corradetti v Dales Used Cars,* 102 AD2d 272). Accordingly, the Supreme Court erred in granting the motion to preclude Smiles on the ground that its response was untimely.

The Supreme Court was also incorrect in granting the plaintiff's motion on the ground that the response by Smiles did not provide the plaintiff with the requested information. The pertinent information sought by the plaintiff was provided at Responses 7 (b) and 14 (a) to the plaintiff's interrogatories. Moreover, the extensive delay in receiving the information sought in the interrogatories was, in large measure, due to the plaintiff's failure to promptly serve and identify Smiles as a defendant in this action.

Since the order of preclusion as against the appellant Rainbow Apparel Distribution Center Corp. a/k/a Rainbow Shops, Inc., was based solely upon the alleged failure by Smiles to respond to the interrogatories, the order dated March 31, 1998, is reversed as to it as well. Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.