■ ANDRE THOMPSON et al., Respondents, v NORMA A. CUADRADO, Appellant, et al., Defendant. [717 NYS2d 109] —Or-

der, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered August 3, 1999, which denied defendant-appellant's motion to dismiss the complaint for lack of jurisdiction, unanimously affirmed, without costs.

Defendant's motion to dismiss was based on an affirmative defense conclusorily alleging lack of service and defendant's affidavit asserting that she no longer lived at the address where the nail-and-mail service was allegedly made. The motion was properly denied on the ground that it was made, i.e., mailed to plaintiffs' attorney, 61 days after service of the answer, in noncompliance with CPLR 3211 (e) limiting the time for making such a motion to 60 days. Defendant's argument that her time for making the motion was extended by five days, by reason of CPLR 2103 (b) (2), is without merit. In particular, we reject defendant's argument that in enacting the 1999 amendment to CPLR 5513, which provides for an additional five days to take an appeal when the notice of entry is served by mail regardless of which party serves the notice of entry, the Legislature intended that an additional five days benefit either party in all situations involving service of intermediate papers by mail. A review of the legislative history of the amendment to CPLR 5513 makes clear that the Legislature understood that the five-day extension in CPLR 2103 (b) (2) for time periods measured from service by mail does not, absent specific provision to the contrary, benefit the party making the service by mail. We would note that the only way the defendant could have avoided the 60-day time limit was by a showing of "undue hardship" (CPLR 3211 [e]), which is not present here (*see*, *Worldcom, Inc. v Dialing Loving Care*, 269 AD2d 159; *Abitol v Schiff*, 180 Misc 2d 949). Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.