■ THOMAS H. BROWN et al., Appellants-Respondents, v VINCENT CERRONE, Respondent-Appellant. [723 NYS2d 915] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action to recover damages for back injuries sustained by Thomas H. Brown (plaintiff) when his boat collided with defendant's boat. The jury awarded plaintiff $20,000 for past pain and suffering, to cover a four-year period, and $240,000 for future pain and suffering, to cover a 15-year period. Supreme Court granted defendant's motion to set aside the award of future damages as excessive and, on its own initiative, vacated the jury's award of damages for past pain and suffering as well, on the ground that the two components of the award were inconsistent.

Contrary to defendant's contention, the court was authorized to vacate the award of damages for past pain and suffering on its own initiative (*see,* CPLR 4404 [a]). Also contrary to plaintiffs' contention, the court properly set aside the two components of the award as inconsistent (*see generally,*

*Schaefer v RCP Assocs.,* 232 AD2d 286, 286-287; *Torres v City of New York,* 226 AD2d 701). There is no rational basis in this record for the jury's finding, implicit in the verdict, that plaintiff's pain and suffering would be worse during the 15 years subsequent to trial than it was during the four years between the time of the accident and trial (*cf., Balmaceda v Perez,* 182 AD2d 983, 984-985, *lv denied* 80 NY2d 755). We express no view concerning the propriety of the court's conclusion that the award of future damages deviated materially from what would be reasonable compensation (*see generally, Inya v Ide Hyundai,* 209 AD2d 1015; *Prunty v YMCA of Lockport,* 206 AD2d 911, 912). (Appeals from Order of Supreme Court, Niagara County, Kane, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.