[958 NE2d 540, 934 NYS2d 362]

ALLEN SIMON et al., Respondents, v SOL M. USHER et al., Appellants, and SHELDON ALTER et al., Respondents.

Argued September 15, 2011; decided October 20, 2011

**POINTS OF COUNSEL**

*Kopff, Nardelli & Dopf LLP*, New York City (*Martin B. Adams* of counsel), for appellants. I. A defendant who mails a demand to change venue is entitled under CPLR 2103 (b) (2) to an additional five days above and beyond the 15-day statutory time period under CPLR 511 to move to change venue as of right. (*Matter of Saunders v Smith*, 99 AD2d 671; *Cahen v Boyland*, 1 NY2d 8; *Oliver v Alcog*, 155 AD2d 1001; *O'Connor v Lansdown Entertainment*, 231 AD2d 970; *Thompson v Cuadrado*, 277 AD2d 151; *Singh v Becher*, 249 AD2d 154.) II. Public policy supports a ruling that a motion to change venue as of right is timely where defendant serves by mail a demand to change venue and the motion is served within 20 days of service of the demand to change venue. III. The trial court properly transferred venue and the place of trial from Bronx County to Westchester County, as respondents reside in Westchester County, and the basis for respondents' selection of venue in Bronx County was improper. (*Toms v Estate of Hughes*, 177 AD2d 994; *Simpson v Sears, Roebuck & Co.*, 212 AD2d 473.)

*Gair, Gair, Conason, Steigman, Mackauf, Bloom & Rubinowitz*, New York City (*Howard S. Hershenhorn* and *Rhonda E. Kay* of counsel), for Allen Simon and another, respondents. I. Absent specific provision to the contrary, the party who mails a document is not entitled to the extra five days under CPLR 2103 (b) (2). (*Sultana v Nassau Hosp.*, 188 AD2d 647; *Corradetti v Dales Used Cars*, 102 AD2d 272; *Thompson v Cuadrado*, 277 AD2d 151; *Trustees of Columbia Univ. v Bruncati*, 77 Misc 2d 547; *Matter of Harvey v New York State Dept. of Envtl. Conservation*, 235 AD2d 625; *Trump v Cheng*, 2009 NY Slip Op 30014[U].) II. Application of CPLR 511 (b) as written will not result in hardship or prejudice to defendants moving to change venue as of right. (*Too Pyo Hong v Byung Wha Yoo*, 231 AD2d 657.)

*Rende, Ryan & Downes, LLP*, White Plains (*Roland T. Koke*

of counsel), for Sheldon Alter and others, respondents. I. The lower court decision which changed venue from Bronx County to Westchester County should be reinstated. (*Binder v Metropolitan St. Ry. Co.*, 68 App Div 281; *Peerless Motor Co. v Hambleton*, 219 App Div 268; *Chason v Airways Hotel*, 18 Misc 2d 96; *Hughes v Nigro*, 108 AD2d 722; *Williams v Albany Med. Ctr. Hosp.*, 86 AD2d 915; *Vacant Lots v Town Bd. of Town of Liberty*, 116 AD2d 865; *Podolsky v Nevele Winter Sports*, 233 AD2d 605; *Tri-City Furniture Dist. v Reubens*, 79 AD2d 886.) II. Since defendant seeking to move venue has a choice to file a motion in the county where the venue is desired in the event plaintiff fails to meaningfully oppose the demand, the motion is responsive and thus entitled to an extension of time under the Civil Practice Law and Rules.

**OPINION OF THE COURT**

JONES, J.

The question presented for our review is whether the five-day extension under CPLR 2103 (b) (2) applies to the 15-day time period prescribed by CPLR 511 (b) to move for change of venue when a defendant serves its demand for change of venue by mail. We hold that it does.

On July 17, 2009, plaintiffs Allen and Barbara Simon commenced this medical malpractice action against defendants in Supreme Court, Bronx County. Defendants Sol M. Usher, Sol M. Usher, M.D., P.C., Maxwell M. Chait, White Plains Hospital Center and Hartsdale Medical Group, P.C., (collectively, the Usher defendants) served their verified answers and demands to change venue to Westchester County on August 20, 2009. Twenty days later, on September 9th, the Usher defendants moved to change venue to Westchester County on the grounds that, except for Usher and Usher, M.D., P.C., all of the defendants and the plaintiffs reside in Westchester County; Usher's and Usher, M.D., P.C.'s primary offices are in Westchester County; and plaintiff Allen Simon received the medical care at issue in Westchester County. The remaining defendants Sheldon Alter, Mid-Westchester Medical Associates, LLP, Westchester Medical Group, P.C. and Marianne Monahan served their answer on September 3rd and filed an affirmation in support of the motion to change venue on September 15th.

Supreme Court granted the motion to change venue to Westchester because "none of the parties to this action reside in Bronx County." The Appellate Division unanimously reversed

and denied the motion (73 AD3d 415 [2010]). The court, among other things, rejected the Usher defendants' motion for a change of venue as untimely because it was made 20 days after service of the demand. It concluded that CPLR 2103 (b) (2)'s five-day extension for time periods measured from service by mail did not apply to CPLR 511. The Appellate Division granted the Usher defendants leave to appeal to this Court and certified the following question for review: "Was the order of this Court, which reversed the order of the Supreme Court, properly made?" (2010 NY Slip Op 92286[U] [2010]). We answer the certified question in the negative and now reverse.

When construing a statute, we must begin with the language of the statute and "give effect to its plain meaning" (*Kramer v Phoenix Life Ins. Co.*, 15 NY3d 539, 550 [2010]). Pursuant to CPLR 511 (a), a defendant shall serve with the answer, or prior to service of the answer, a demand "for change of place of trial on the ground that the county designated for that purpose is not a proper county." Subsection (b) permits defendant to "move to change the place of trial within fifteen days after service of the demand, unless within five days after such service plaintiff serves a written consent to change the place of trial to that specified by the defendant." CPLR 2103 (b) (2) provides "where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period." "The extension provided in CPLR 2103 (b) (2) constitutes legislative recognition of and compensation for delays inherent in mail delivery" (*Sultana v Nassau Hosp.*, 188 AD2d 647, 648 [2d Dept 1992]).

Here, defendants who served their motion papers by mail 20 days after they served their demand to change venue are entitled to a five-day extension of the 15-day period prescribed in CPLR 511 (b). Plaintiffs, citing *Sultana*, contend that defendants cannot rely upon section 2103 (b) (2) for the five-day extension because the motion did not constitute response papers. Section 2103 (b) contains no language restricting its application to instances where a party is responding to papers served by an adversary. Moreover, defendants are permitted to move to change venue only in the event that plaintiffs do not consent in writing within five days after service of the demand. Although the motion papers are not directly responding to papers served by plaintiffs, defendants are effectively responding to plaintiffs' lack of consent to the change of venue. Simply put, defendants' motion papers are not initiatory and, because the demand was

served by mail, defendants were entitled to the benefit of section 2103 (b) (2)'s five-day extension.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to that court for consideration of issues raised but not determined on the appeal to that court, and the certified question answered in the negative.

PIGOTT, J. (dissenting). While I fear adding further confusion to what, up until now, seemed to be a fairly simple statute, I respectfully dissent from the judicial creation of what I will label an "anticipatory five-day rule" amending CPLR 2103 (b) (2).

On July 17, 2009, plaintiffs commenced this medical malpractice action against multiple defendants by filing their summons and complaint in Supreme Court, Bronx County, basing their choice of venue on the fact that defendant Sol M. Usher had a place of business in the Bronx. Defendants answered by mail on August 20, 2009 and, pursuant to CPLR 511 (b), simultaneously served a demand for a change of venue from Bronx County to Westchester County. Plaintiffs did not respond within five days after the date of service of the demand, i.e. by August 25, 2009. This permitted defendants, if they so chose, to move to change the place of trial by filing a motion in either Bronx or Westchester County on or before September 4, 2009. However, defendants' motion was served by mail on September 9, 2009.

Plaintiffs objected, and I think properly so, that the motion was untimely, under CPLR 511 (b), which provides that a defendant that has served a written demand for a change of venue "may move to change the place of trial *within fifteen days after service of the demand*, unless within five days after such service plaintiff serves a written consent" (emphasis added). Defendants enlisted CPLR 2103 (b) (2), to argue that their motion was timely because it was served within 20 days of service of their demand, despite the fact that CPLR 511 specifies 15 days. Supreme Court, Bronx County, granted defendants' motion to change the venue, but the Appellate Division reversed, and denied the motion, holding that defendants "were not entitled to the five-day extension in CPLR 2103 (b) (2) for time periods measured from service by mail" (73 AD3d 415 [1st Dept 2010]).

Under CPLR 2103 (b) (2), the statute being mangled here, "where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall

be added to the prescribed period." The legislative history of the statute makes it abundantly clear that its purpose is to give a party, on whom a paper has been served by mail, additional time to *respond*, because of the delays inherent in mailing. The five-day extension was created in the early 1980s (L 1982, ch 20, § 1, eff Jan. 1, 1983); it had been three days before. At that time, the Advisory Committee on Civil Practice clearly described the extension as applying to a party's "responding time" or "responding period" (1982 Rep of Advisory Comm on Civ Prac, reprinted in 1982 McKinney's Session Laws of NY, at 2651). The Committee wrote that "[t]he traditional three days by which a *responding period* is extended when the paper to be *responded to* is served by mail has proved too short in recent years, as the mails have been increasingly delayed" (*id.* at 2651-2652 [emphasis added]). The legislative intent could not be more obvious. The purpose of CPLR 2103 (b) (2) was to compensate for mail delays, and allow an adverse party more time to assemble responsive papers.

The Appellate Division has understood this, writing that "[t]he extension provided in CPLR 2103 (b) (2) constitutes legislative recognition of and compensation for delays inherent in mail delivery" (*Sultana v Nassau Hosp.*, 188 AD2d 647, 648 [2d Dept 1992], quoting *Corradetti v Dales Used Cars*, 102 AD2d 272, 273 [3d Dept 1984]) and "does not . . . benefit the party making the service by mail" (*Thompson v Cuadrado*, 277 AD2d 151, 152 [1st Dept 2000]; *see also Matter of Harvey v New York State Dept. of Envtl. Conservation*, 235 AD2d 625 [3d Dept 1997]). Consistently, Professor Siegel, recognizing the intent of CPLR 2103, has noted that the statute

> "provides that whenever a period of time is measured from the service of a paper and the paper is served by mail, *the party required to take the responsive step* gets 5 additional days. This recognizes that the service was deemed complete upon posting and it compensates for the delay in mail delivery . . . . The 5 days are added to the stated period when any mail-served paper *requires a responsive step* within a stated period" (Siegel, NY Prac § 202, at 346 [5th ed] [emphases added]).

It is noteworthy that the Legislature, in the context of measuring time from the service of a judgment or order, has taken the trouble to add a provision that clarifies that "[w]here

service of the judgment or order to be appealed from and written notice of its entry is made by mail . . . [under CPLR 2103], the additional days provided by such paragraphs shall apply to this action, regardless of which party serves the judgment or order with notice of entry" (CPLR 5513 [d]). This 1999 amendment to CPLR 5513 gives an additional five days to take an appeal when a notice of entry is served by mail, regardless of which party serves the notice of entry. The Legislature has not acted to alter statutes other than CPLR 5513, so as to make corresponding clarifications in areas other than appeals.

Here, defendants benefitted from the rule that papers are deemed served upon mailing—in this case on August 20. Plaintiffs, who would have received the papers some days after that, would have known that, while the statute requires a response within five days, i.e. by August 25, they could add five days and serve their response, if they chose to make one, on or before August 30. The five-day timetable is indisputably subject to extension under CPLR 2103 (b) (2), because it is a *responsive* deadline (*Podolsky v Nevele Winter Sports*, 233 AD2d 605, 605-606 [3d Dept 1996]; *Hughes v Nigro*, 108 AD2d 722, 723 [2d Dept 1985]). Defendants, on the other hand, were "not directly responding" to any papers, as the majority concedes (majority op at 628). Having no doubt marked plaintiffs' August 30 deadline on their calendar, defendants had until September 4, to serve, by mail if they chose, their motion for change of place of trial. That they did not is, in my view, fatal to their motion.

Defendants argue that plaintiffs' reading of CPLR 2103 (b) (2) creates practical difficulties for litigants. Given that plaintiffs have 10 days to decide about consent, the 15-day deadline for the motion means that defendants may have only five days between a service by mail of consent to change of venue and the motion deadline. If the mailing delay is three days, the time for preparing and filing the motion would end up being two days. Giving both parties the benefits of the extended period might be a good idea, practically. But one need only refer to CPLR 2214 (b), which allows reply papers to be served by mail *one* day before the return date of a motion, to know that the rules have not always been drafted with practicality in mind. In such a situation, an appellate court may signal the practical difficulties to the Legislature, so that it may consider amending the statute. But it is up to the Legislature to enact such a law.

In light of the legislative history and standard interpretations of CPLR 2103 (b) (2) in case law and commentary, I think it

clear that section 2103 (b) benefits only the party responding to the service, and I would therefore affirm the order of the Appellate Division.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ and SMITH concur with Judge JONES; Judge PIGOTT dissents and votes to affirm in a separate opinion.

Order reversed, etc.