OPINION OF THE COURT
Edward H. Lehner, J.
This is an action to recover a fee paid under protest on the transfer of shares of a cooperative corporation. Before the court is defendant’s motion to dismiss pursuant to CPLR 3211 and plaintiffs’ cross motion for summary judgment.
FACTS
In August 1981 plaintiffs purchased the 98 shares allocated to apartment 6B in premises 510 East 86th Street and received the appurtenant proprietary lease. In connection therewith the seller paid to the cooperative (the defendant) a transfer fee of $60 per share pursuant to the following provision of the bylaws contained in the offering plan under which the building was converted to cooperative ownership: “Anything contained herein or in the Proprietary Lease to the contrary notwithstanding, each shareholder (including, but not limited to, all holders of Unsold Shares) shall pay to the corporation, before any transfer, assignment or sale of shares held by such shareholder and related Proprietary Lease shall become effective, a transfer fee equal to $60 for each share being so transferred, assigned or contracted to be sold during (but not after) the first three years *759 after the corporation acquires title to the property. In addition, a holder of Unsold Shares shall pay such transfer fee with respect to any apartment that the Unsold Shares are allocated which becomes vacant during such three year period. Such transfer fee shall be payable within thirty (30) days after the date such apartment is vacated. Upon making such payment, no additional transfer fee shall be due from such holder of Unsold Shares or his transferee at the time the apartment is subsequently transferred.”
In January 1984 when plaintiffs subsequently sold the shares, they were required to pay the transfer fee in order to effect the sale, which payment was made under protest.
THE CONTENTIONS OF THE PARTIES
Plaintiffs sue herein to recover the fee arguing that the aforesaid provision allows the cooperative to impose said fee on each apartment only once during the three-year period subsequent to its acquisition of the building. Defendant maintains that it was entitled to recover a transfer fee upon each sale within the three-year period except that with respect to holders of “unsold shares,” only a “one time” transfer fee was payable. Plaintiffs further argue that if defendant’s interpretation were correct, the bylaw would be unenforceable as it would result in inequality.
ANALYSIS
To require that a purchaser from an original subscriber pay the transfer fee when he sells, but not require the purchaser from a holder of unsold shares to pay same under similar circumstances obviously results in shareholders, all of whom own the same class of shares, possessing different rights. This unequal treatment of shareholders the court finds to be in contravention of Business Corporation Law § 501 (c), which provides that “[s]ubject to the designations, relative rights, preferences and limitations applicable to separate series, each share shall be equal to every other share of the same class.”
Although Business Corporation Law § 501 permits the certificate of incorporation to provide for several classes of shares possessing different rights and preferences, the statute does not authorize the board of directors to enact bylaws creating preferences among shareholders, all of whom own the same class and series of shares. Unless the certificate creates preferences, then the rights and preferences of shareholders as such should be equal.
*760 To effect a just result as a consequence of such invalidity, the court believes that plaintiffs should be treated the same as transferees from holders of unsold shares, with the consequence that no fee may be collected on their transfer. Although plaintiffs argue that this result achieves the intent of the bylaw, the court cannot agree that the language thereof expresses such intent.
CONCLUSION
Thus, the complaint states a valid cause of action and the motion to dismiss is denied.
With respect to the cross motion for summary judgment, it must be denied as premature as defendant has not served its answer and thus issue has not as yet been joined. (CPLR 3212 [a].) Although in sublease cases, where a prompt determination of the controversy is important, courts have found “special circumstances” that warrant disregarding said rule (see, Kreitman v Einy, 92 AD2d 801 [1st Dept 1983]; Shapiro v Dwelling Managers, 92 AD2d 52 [1st Dept 1983], but see, dissent of Justice Bloom, at p 57), here in light of the fact that this is a plenary action to recover only money, such necessity is not present.