■ LINDSEY JONES, Respondent, v FORDHAM HILL OWNERS CORP., Appellant, et al., Defendant. [639 NYS2d 384]

Plaintiff Lindsey Jones, the owner of shares of stock and a proprietary lease of apartment 8-3E in the Fordham Hill cooperative complex, purchased the shares of stock associated with a second apartment (4-9G) in July 1991, and simultaneously executed an assumption agreement and proprietary lease agreement relating to that apartment. Under the terms of the proprietary leases of both apartments, and of all proprietary leases of the Fordham Hill complex, shareholders were required to make maintenance payments, proportional to the number of shares owned, on the first day of each month. The share purchase agreement bore analogous provisions; the assumption agreement provided that plaintiff would be bound by all covenants and conditions of the lease agreement. In January 1992, Fordham Hill served plaintiff with a notice of intention to terminate the proprietary lease on apartment 4-9G

based upon plaintiff's failure to pay maintenance since July 1991; simultaneously, Fordham Hill sought arrears in the amount of $5,232.29. Plaintiff responded by commencing the instant action for declaratory and injunctive relief, alleging that he had an oral agreement with the former chairman of the Fordham Hill Board of Directors by which the obligation to pay the monthly maintenance on apartment 4-9G was waived until such time as plaintiff could sell apartment 8-3E. Upon Fordham Hill's default, Supreme Court granted plaintiff a preliminary injunction enjoining Fordham Hill from terminating plaintiff's proprietary lease to apartment 4-9G. Following partial vacatur of the default, Fordham Hill answered and moved for summary judgment. The Supreme Court denied the motion.

We reverse. Plaintiff's purported oral agreement with the former chairman of the Board of Directors to vary the terms of the purchase agreement, the assumption agreement, and the proprietary lease is void under the Statute of Frauds (see, General Obligations Law § 5-703 [2]). Moreover, plaintiff's introduction of an oral agreement contradictorily modifying an unambiguous contract for sale and a proprietary lease is barred by the parol evidence rule (see, CCG Assocs. v Riverdale Assocs., 157 AD2d 435, 440). Finally, the arrangement asserted by plaintiff, by which he is relieved of financial obligations which other shareholders of the same class must pay, is prohibited by Business Corporation Law § 501 (c) (see, Mullins v 510 E. 86th St. Owners Corp., 126 Misc 2d 758). We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Rosenberger, Ross and Mazzarelli, JJ.