■ RICHARD BRICKMAN et al., Appellants, v BRICKMAN ESTATE AT THE POINT, INC., Respondent. [774 NYS2d 428]—In an action, inter alia, for a judgment declaring that the defendant's notices that the plaintiffs were in default on their respective obligations to pay maintenance were null and void, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered September 16, 2002, which, after a hearing, among other things, approved an accounting of the defendant conducted by a nonparty, Lilling & Company, LLP.

In an action, inter alia, for a judgment declaring that the defendant's notices that the plaintiffs were in default on their respective obligations to pay maintenance to the defendant were null and void, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered December 5, 2002, as, upon reargument, adhered to its prior determination in an order entered September 16, 2002, which, after a hearing, among other things, approved an accounting of the defendant conducted by a nonparty, Lilling & Company, LLP, which, among other things, assessed the full increase in the subject real estate taxes against the plaintiff Brad Brickman, and contained an adjustment for the defendant to recover certain legal fees it requested.

Ordered that the order is modified, on the law, by deleting the provisions thereof approving those portions of the accounting which assessed the full increase in the subject real estate taxes against the plaintiff Brad Brickman, and which contained an adjustment for the defendant to recover certain legal fees it requested, and substituting therefor provisions disapproving those portions of the accounting, directing that the accounting assess the plaintiff Brad Brickman with only his pro rata share of the increase in the subject real estate taxes, and directing that the accounting contain an adjustment for the defendant to recover only the legal fees regarding the defense of this particular action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs contend that the defendant is bound by a stipulation entered into by the parties and placed on the record as part of a 1994 action between them regarding the same property which is the subject of this action. In certain circumstances, a stipulation between the parties to settle an action will be enforceable in a later action (see McKenzie v Vintage Hallmark, 302 AD2d 503 [2003]). A stipulation of settlement in an action may be enforceable in a later action under the principles of res judicata, if the parties had a full and fair opportunity to litigate

the issue and came to an agreement that the disposition is proper (*see Singleton Mgt. v Compere,* 243 AD2d 213 [1998]). However, the rationale for enforcing such a stipulation is that a party agreed to be bound by it in order to obtain an acceptable settlement of the issues (*see McKenzie v Vintage Hallmark, supra* at 504). In the earlier action, the parties continued to litigate the issues until the action was ultimately dismissed (*see Matter of Brickman v Brickman Estate at Point,* 253 AD2d 812 [1998]), so there is no basis upon which to enforce the stipulation. The Supreme Court therefore properly exercised its discretion in determining that the accounting was proper.

However, the Supreme Court improperly approved those portions of the accounting which assessed the full increase in the subject real estate taxes against the plaintiff Brad Brickman, and contained an adjustment for the defendant to recover certain legal fees it requested. The litigation herein is based on a proprietary lease, which is a valid contract which must be enforced according to its terms (*see Jones v Fordham Hill Owners Corp.,* 225 AD2d 465 [1996]). While the proprietary lease allows the recovery of legal fees expended by the defendant in this action, it contains no provision for the recovery of such fees from earlier actions or an individual's personal legal fees. Similarly, the lease only allows the assessment of each owner's pro rata share of any increase in real estate taxes, even in a case in which one individual's actions caused that increase. Therefore, we modify the order accordingly. Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.