■ CHEMICAL BANK, Respondent, v GERALD ZISHOLTZ, Appellant. [643 NYS2d 189] —In an action to collect money due on a promissory note, the defendant appeals from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered March 6, 1995, which, pursuant to the parties' stipulation of settlement, is in favor of the plaintiff and against the defendant in the sum of $23,045.95.

Ordered that the appeal is dismissed, with costs to the plaintiff.

The parties entered into a stipulation of settlement of this action in July 1993, pursuant to which the defendant agreed to pay the plaintiff the sum of $100,642.95 on or before May 15, 1995. The defendant agreed to pay $10,000 of this amount immediately, and the balance was to be paid in monthly install-

ments of $4,000 through April 15, 1995. The final payment of $6,642.95 was due on May 15, 1995. The defendant waived all defenses to this action and consented to the entry of a judgment in the plaintiff's favor if he defaulted in making the required payments. In October 1994, the defendant moved to dismiss the complaint and raised various challenges to the stipulation. His motion was denied in an order dated December 8, 1994. The defendant's appeal from that order was dismissed by decision and order of this Court dated September 11, 1995, due to his failure to perfect the appeal.

The plaintiff notified the defendant in February 1995 that he was in default under the terms of the stipulation. On March 6, 1995, the Supreme Court entered judgment in favor of the plaintiff and against the defendant in the sum of $23,045.95 based on the stipulation of settlement. The defendant appeals from the judgment.

Our review of the record demonstrates the absence of an appealable order or judgment. No appeal lies from an unopposed judgment entered upon the parties' stipulation (*see, Baecher v Baecher,* 95 AD2d 841). The defendant abandoned the appeal from the order dated December 8, 1994, which, *inter alia,* denied his motion to set aside the stipulation. Consequently, he is precluded from seeking review, on an appeal from the judgment, of those issues which could have been raised on the appeal from the intermediate order (*see, Bray v Cox,* 38 NY2d 350; *Isaac Rare Coins v Atlantic Discount Brokerage,* 196 AD2d 643; *Montalvo v Nel Taxi Corp.,* 114 AD2d 494). Although the defendant moved to vacate the judgment in April 1995, the issues raised in that motion are dehors the record of the appeal from the judgment. Accordingly, the defendant's appeal from the judgment is dismissed. O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.