■ Joseph H. McKenzie, Respondent, v Vintage Hall-mark, PLC, et al., Appellants. [755 NYS2d 288] —In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Austin, J.), dated August 19, 2002, which denied their motion to vacate a judgment entered July 12, 2002, upon their confession of judgment.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action seeking $1,770,975.12 for, inter alia, breach of contract. The parties entered into a stipulation of settlement, whereby the plaintiff was to receive $750,000 from payments by the defendants and the transfer of warrants representing title to certain cognac located in France which the plaintiff was to sell. The stipulation of settlement gave the defendants 30 days to pay storage and insurance fees owed for the warrants through the date of the stipulation. Pursuant to the stipulation, the defendants executed a confession of judgment for the full $1,770,975.12 originally sought in the action, which could be entered in the event the defendants defaulted under the agreement, and failed to cure within seven days of receiving written notice of the default.

It is undisputed that the defendants did not pay the storage fees owed for the warrants within 30 days of execution of the stipulation of settlement, and that, although they received written notice of the plaintiff's intention to enter the judgment by confession if the default was not cured within seven days, they did not cure within seven days. Accordingly, the plaintiff

was clearly acting within his rights pursuant to the terms of the stipulation of settlement when he entered the judgment by confession against the defendants.

The defendants, whose eventual payment for the owed storage fees was received by the storage facility on the same day that the plaintiff entered the judgment by confession, ask this Court to exercise its power in equity to relieve them from the harsh consequences of their default under the stipulation of settlement, and vacate the judgment by confession. We decline to do so. A stipulation of settlement is a contract, enforceable according to its terms (*see Charter Realty & Dev. Corp. v New Roc Assoc.*, 293 AD2d 438 [2002]). Moreover, literal enforcement of the terms of the stipulation of settlement is not unjust in this case, where the agreement was negotiated by sophisticated parties, all of whom were represented by counsel, and the default was neither inadvertent nor trivial (*see Key Intl. Mfg. v Stillman*, 103 AD2d 475 [1984], *mod on other grounds* 66 NY2d 924 [1985]; *compare Bank of N.Y. v Forlini*, 220 AD2d 377 [1995]; *Weitz v Murphy*, 241 AD2d 547 [1997]; *Goldstein v Goldsmith*, 243 App Div 268 [1935]). Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.