■ Cadlerock Joint Venture, L.P., Appellant, v Allan E. Rubenstein et al., Respondents. [812 NYS2d 469]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered June 22, 2005, which granted defendants' motion to vacate a judgment entered pursuant to a stipulation of settlement and discontinued the action, unanimously reversed, on the law and the facts, without costs, the motion denied and the judgment awarding plaintiff the sum of $30,395.27 reinstated, with interest.

Defendants executed and delivered to plaintiff's predecessor-in-interest a promissory note in the amount of $50,000, which was to be repaid with interest. The note was subsequently assigned to plaintiff, and defendants failed to make payment. Plaintiff commenced an action seeking the balance due on the note, and following negotiations, the parties, who were represented by counsel, entered into a stipulation of settlement pursuant to which plaintiff agreed to accept, in lieu of the $54,779.32 it originally sought, the lesser sum of $27,500. Defendants agreed to pay the amount in two installments, on

dates certain. The stipulation further provided: "In the event that Defendants shall fail to make full and timely payment of any of the sums . . . and fail upon seven days written notice to cure any default, Defendants consent to the entry of a Judgment, without further notice . . . in the sum of $56,774.46, together with interest at the rate of 9 percent per annum . . . less any payments made by Defendants and collected by Plaintiff under the terms of this Stipulation."

Defendants failed to make the first scheduled payment in a timely manner and were notified that they had defaulted under the stipulation of settlement, and had seven days to cure. On the eighth or ninth day after being notified of the default, defendants, although required to make payment by certified or official bank check, wired the first payment to plaintiff, and then made the second scheduled payment in a timely manner. Plaintiff subsequently moved, without notice to defendants, to enter judgment in accordance with the terms of the stipulation of settlement. Judgment was entered in the amount of $30,395.27, but subsequently vacated on defendants' motion.

The judgment should be reinstated. The stipulation of settlement was clear, and literal enforcement of its terms is not unjust under the circumstances (*McKenzie v Vintage Hallmark*, 302 AD2d 503 [2003]; *see also 1029 Sixth v Riniv Corp.*, 9 AD3d 142 [2004], *appeal dismissed* 4 NY3d 795 [2005]). Contrary to the court's findings, defendants, by failing to make the first scheduled payment in a timely manner and then by failing to cure the default in the seven-day period, did not substantially comply with the agreement (*McKenzie*, 302 AD2d 503 [2003], *supra*, comparing, inter alia, *Bank of N.Y. v Forlini*, 220 AD2d 377 [1995]). Nor did plaintiff's acceptance of defendants' first and second payments constitute an accord and satisfaction, where the amount owed by defendants was not in dispute (*Patel v Orma*, 190 AD2d 782, 783 [1993]). Concur—Tom, J.P., Marlow, Williams, Sweeny and Malone, JJ.