■ CLINTON AVENUE OWNERS CORP., Respondent, v CELESTIAL CHURCH OF CHRIST, ILERI OLUWA PARISH, Appellant. [944 NYS2d 165]—

In an action to recover damages for trespass and nuisance, the defendant appeals from a judgment of the Supreme Court, Kings County (Schmidt, J.), dated August 4, 2010, which, upon an order of the same court dated June 4, 2010, made after a hearing, granting that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter judgment in the sum of $50,000 against the defendant upon the defendant's failure to comply with the terms of a stipulation of settlement dated April 22, 2009, is in favor of the plaintiff and against it in the principal sum of $50,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff is the owner of a cooperative apartment building

in Brooklyn located adjacent to property owned by the defendant. A retaining wall situated on the defendant's property separated the two properties. In January 2007 the plaintiff commenced this action against the defendant alleging, inter alia, that the retaining wall was leaking water onto the plaintiff's property and was in danger of collapse. In April 2009 the parties entered into a stipulation of settlement providing, among other things, that the defendant would replace the retaining wall no later than September 1, 2009. In the event that the defendant did not complete the work by the deadline, it agreed to pay the plaintiff $50,000 upon the plaintiff notifying it of the breach and giving the defendant 60 days to cure. There is no dispute that the defendant failed to meet the September 1, 2009, deadline and that the plaintiff sent notice to the defendant on that date advising it of the breach.

Where, as here, a case is determined after a hearing held before a Justice of the Supreme Court, this Court's power to review the evidence is as broad as that of the Supreme Court, taking into account in a close case the fact that the Supreme Court had the advantage of seeing the witnesses (see *Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the Supreme Court's credibility determinations are supported by the record, and the Supreme Court properly concluded that the defendant failed to complete the work within the time frame provided in the parties' stipulation of settlement. Therefore, pursuant to the terms of the stipulation, the plaintiff was entitled to a judgment against the defendant (see *McKenzie v Vintage Hallmark*, 302 AD2d 503, 504 [2003]).

The defendant's remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.