■ MBR CONTRACTING, INC., Respondent, v EDDIE ATAKHANIAN, Also Known as YOURIK ATAKHANIAN, Doing Business as DITECH HOMES, et al., Appellants. [25 NYS3d 287]—

In an action to recover damages for breach of contract and on an account stated, the defendants appeal from an order of

the Supreme Court, Queens County (Livote, J.), entered September 10, 2014, which denied their motion to vacate a clerk's judgment in favor of the plaintiff and against them in the total sum of $50,508.06 entered February 26, 2014, upon their failure to comply with a stipulation of settlement dated February 12, 2014.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants to recover damages for breach of contract and on an account stated. The defendants failed to appear or answer in this action. The plaintiff moved for leave to enter a default judgment against the defendants in the principal sum of $36,568.10 plus 18% interest, which represented the rate of the finance charge set forth in the parties' contract. The Supreme Court granted the plaintiff's motion and a judgment was entered on November 9, 2012, against the defendants and in favor of the plaintiff in the total sum of $50,508.06. Thereafter, the defendants moved to vacate the judgment, and their motion was granted in an order entered April 30, 2013. The defendants then served their answer in May 2013.

The parties entered into a stipulation of settlement (hereinafter the stipulation) dated February 12, 2014, pursuant to which the plaintiff was to receive $10,000 from the defendants in five monthly installment payments of $2,000 each. The first installment payment was due by February 15, 2014. The stipulation also provided that if the defendants failed to pay the installment payments within the time provided, they consented to the plaintiff entering a judgment against them in the amount of $50,508.06, upon five days' written notice.

The plaintiff did not receive the first installment by February 15, 2014. On February 20, 2014, the plaintiff's counsel sent, via email, to the defendants' counsel a notice of default. On February 26, 2014, a clerk's judgment in the amount of $50,508.06 was entered against the defendants. The next day, defense counsel, on behalf of the defendants, mailed a check to the plaintiff's counsel in the sum of $4,000. Thereafter, the defendants made three additional payments to the plaintiff totaling $6,000. Subsequently, after their bank account was restrained, the defendants moved, by order to show cause, to vacate the clerk's judgment entered February 26, 2014. The Supreme Court denied the motion, and the defendants appeal.

Contrary to the defendants' contention, they failed to establish that the clerk's judgment should be vacated in the interests of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). "A stipulation of settlement is

a contract, enforceable according to its terms" (*Alshawhati v Zandani*, 82 AD3d 805, 807 [2011] [internal quotation marks omitted]; *see Stein v Stein*, 130 AD3d 604, 605 [2015]; *Bethea v Thousand*, 127 AD3d 798, 799 [2015]; *Long Is. Jr. Soccer League v Back of the Net, Ltd.*, 85 AD3d 737, 737 [2011]; *McKenzie v Vintage Hallmark*, 302 AD2d 503, 504 [2003]).

Here, the record demonstrates that the defendants did not comply with the terms of the stipulation, as the plaintiff did not receive the first installment payment of $2,000 by February 15, 2014. Thus, the defendants were in default under the terms of the stipulation. Moreover, the defendants did not send any payment to the plaintiff's counsel during the five-day period after the plaintiff's counsel sent a notice of default to their counsel. Thus, the defendants failed to demonstrate that their default under the stipulation, the terms of which had been negotiated on their behalf by their counsel, was either inadvertent or trivial or that it would be unjust to enforce the stipulation in accordance with its terms (*see Bynum v Scheiner*, 33 AD3d 832, 833 [2006]; *McKenzie v Vintage Hallmark*, 302 AD2d at 504; *cf. Weitz v Murphy*, 241 AD2d 547 [1997]; *Bank of N.Y. v Forlini*, 220 AD2d 377 [1995]).

The defendants contend that the plaintiff's acceptance of their four checks, in the total sum of $10,000, sent to the plaintiff's counsel subsequent to the entry of the clerk's judgment on February 26, 2014, constituted an accord and satisfaction. That contention is without merit, as there was no disputed or unliquidated claim at issue (*see Pothos v Arverne Houses*, 269 AD2d 377, 378 [2000]; *see also McKenzie v Vintage Hallmark*, 302 AD2d at 504).

Accordingly, the Supreme Court properly denied the defendants' motion to vacate the clerk's judgment entered February 26, 2014. Chambers, J.P., Hall, Austin and Barros, JJ., concur.