Parkchester Preservation Company, LP, Petitioner-Landlord-Respondent, 
against
Robert Lambert and Josephine Lambert, Respondents-Tenants-Appellants.



Tenants appeal from an order of the Civil Court of the City of New York, Bronx County (John H. Stanley, J.), entered on or about June 11, 2015, after a hearing, which granted landlord's motion for leave to execute on the warrant of eviction in a holdover summary proceeding.




Per Curiam.
Order (John H. Stanley, J.), entered on or about June 11, 2015, modified to the extent of staying execution of the warrant of eviction on condition that tenants, within 10 days after service of a copy of this order with notice of entry, remove the subject washing machine from their apartment; as modified, order affirmed, without costs.
The undisputed hearing evidence amply supports the trial court's finding that tenants breached the terms of the two-attorney, so-ordered stipulation by failing to remove a washing machine from the subject apartment by a date certain (see Hotel Cameron, Inc. v Purcell, 35 AD3d 153, 155 [2006]). Tenants waived any defense of collateral estoppel by stipulating to the entry of judgment in the event they failed to remove the machine (see 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]). Nor would it be unjust to enforce the stipulation in accordance with its terms (see MBR Contr., Inc. v Atakhanian, 136 AD3d 763, 765 [2016]; 1420 Concourse Corp v Cruz, 175 AD2d 747, 749 [1991]), as the presence of a washing machine in the apartment is a violation of the lease.
We exercise our discretion and afford the tenants a final opportunity to remove the washing machine, so as to avoid a forfeiture of their long-term (37-year), rent-stabilized tenancy.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 23, 2016