■ CORONA FUEL CORP., Respondent, v AYHAN NAYCI et al., Appellants. [35 NYS3d 171]—

In an action, inter alia, to recover on a personal guaranty, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered August 21, 2013, as denied the motion of the defendant Ayhan Nayci for summary judgment dismissing the complaint insofar as asserted against him, (2) from a clerk's

judgment in favor of the plaintiff and against them in the total sum of $113,121.96 entered January 10, 2014, upon their failure to comply with a stipulation of settlement dated September 10, 2013, and (3) from an order of the same court entered June 24, 2014, which denied their motion to vacate the clerk's judgment.

Ordered that the appeals from the order entered August 21, 2013, and the clerk's judgment are dismissed; and it is further,

Ordered that the order entered June 24, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order entered August 21, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of the clerk's judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). In any event, the appeal by the defendants City Improvements, LLC, doing business as City Improvements, Inc. (hereinafter City Improvements), and Nayci Gas Corp. (hereinafter Nayci Gas) from so much of the order entered August 21, 2013, as denied the motion of the defendant Ayhan Nayci for summary judgment dismissing the complaint insofar as asserted against him must be dismissed, because those defendants are not aggrieved by that portion of the order (*see* CPLR 5511).

The appeal from the clerk's judgment must be dismissed, as no appeal lies from a judgment entered upon the appellants' default in complying with a stipulation of settlement (*see* CPLR 5511; *Chemical Bank v Zisholtz*, 227 AD2d 580 [1996]; *Baecher v Baecher*, 95 AD2d 841 [1983]; *K & S Installations v Dart Mech. Corp.*, 80 AD2d 601 [1981]; *see also MBR Contr., Inc. v Atakhanian*, 136 AD3d 763 [2016]).

The plaintiff commenced this action seeking to recover the sum of approximately $158,000 for goods sold and delivered to City Improvements and Nayci Gas. The individual defendant Ayhan Nayci allegedly agreed to personally guaranty the payment obligations of City Improvements and Nayci Gas. After Nayci's motion for summary judgment dismissing the complaint insofar as asserted against him was denied, on September 10, 2013, the parties entered into an open-court stipulation settling the matter for the sum of $70,000.

Contrary to the defendants' contention, the Supreme Court properly denied their motion to vacate the clerk's judgment, which was entered upon their failure to comply with the September 10, 2013, stipulation of settlement. "A stipulation of settlement is a contract, enforceable according to its terms"

(*McKenzie v Vintage Hallmark*, 302 AD2d 503, 504 [2003]). Here, it is undisputed that the defendants did not comply with the terms of the stipulation of settlement, since they did not tender the first installment payment due under the agreement, and did not cure within 20 days after being served with the notice of default. It is also undisputed that under the terms of the stipulation of settlement, the defendants agreed that, in the event of their default, the plaintiff "may enter judgment." In moving to vacate the clerk's judgment, the defendants failed to demonstrate that their default under the stipulation of settlement, the terms of which had been negotiated on their behalf by their counsel, was either inadvertent or trivial, or that the stipulation had been orally modified, or that it would otherwise be unjust to enforce the stipulation in accordance with its terms (*see MBR Contr., Inc. v Atakhanian*, 136 AD3d at 765; *Perry v Perry*, 13 AD3d 508, 509 [2004]). Moreover, the defendants were afforded the notice to which they were entitled under the stipulation of settlement before the clerk's judgment was entered pursuant to CPLR 3215 (i) (1).

The defendants' remaining contention concerning the amount of interest awarded in the clerk's judgment was not raised in the motion to vacate the judgment and is therefore improperly raised for the first time on appeal (*see Sandoval v Juodzevich*, 293 AD2d 595 [2002]). Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.