19-1626-cv (L)
*Leeber Realty LLC v. Trustco Bank*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand nineteen.

PRESENT:   BARRINGTON D. PARKER,
                      DENNY CHIN,
                             *Circuit Judges*,
                      DENISE COTE,
                             *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LEEBER REALTY LLC, BERNARD COHEN,

   *Plaintiffs-Counter-Defendants-*
   *Appellees-Cross-Appellants*,

                    v.                                                    19-1626-cv;
                                                                              19-1692-cv

TRUSTCO BANK,

   *Defendant-Counter-Claimant-*
   *Appellant-Cross-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       Judge Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFFS-COUNTER-
DEFENDANTS-APPELLEES-
CROSS-APPELLANTS:

MICHAEL A. FREEMAN, Greenberg Freeman
LLP, New York, New York.

FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLANT-
CROSS-APPELLEE:

PETER A. PASTORE, McNamee Lochner P.C.
Albany, New York.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-counter-defendants-appellees-cross-appellants Leeber Realty LLC and Bernard Cohen (together, "Leeber") and defendant-counter-claimant-appellant-cross-appellee Trustco Bank ("Trustco") cross-appeal from an amended judgment entered July 23, 2019, awarding Leeber $953,461.12 in damages, attorneys' fees, costs, and pre-judgment interest, and setting the post-judgment interest rate at 2.41% per annum. The amended judgment was identical to a judgment entered May 1, 2019, except that it lowered the post-judgment interest rate from 8% to 2.41% per annum. In an opinion and order entered June 4, 2018 (the "June 4 Order"), the district court granted summary judgment in favor of Leeber, holding that Trustco breached its commercial lease agreement with Leeber. On appeal, Trustco principally argues that the district court erred in granting summary judgment against it, and Leeber principally

challenges the amount of damages awarded.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In its April 21, 2017 complaint, Leeber sued for damages, alleging that Trustco breached its lease.  On October 10, 2017, Trustco filed its answer and counterclaim, alleging that Leeber failed to make necessary repairs on the premises and that Trustco was constructively evicted.  Leeber moved for summary judgment.  In its June 4 Order, the district court granted in part and denied in part Leeber's motion.

On July 17, 2018, Trustco moved to vacate the June 4 Order pursuant to Rule 60(b)(1), (4), (6) and to dismiss for lack of subject matter jurisdiction under Rule 12(h)(3).  By opinion and order entered February 8, 2019, the district court denied Trustco's motion to vacate the June 4 Order.

The original judgment, with a post-judgment interest rate of 8%, was entered on May 1, 2019.  On May 6, 2019, Trustco moved to amend the judgment to modify the post-judgment interest rate from the contractual rate of 8% to the applicable federal rate under 28 U.S.C. § 1961, which, at the time, was 2.41%.  Before the district court ruled on the motion, on May 31, 2019, Trustco filed its notice of appeal from the original judgment.  Leeber filed a notice of cross-appeal on June 6, 2019.

On July 18, 2019, the district court issued an order granting Trustco relief under Rule 60(b)(1) and holding that the post-judgment interest rate should accrue at the federal statutory rate, rather than the contractual rate of 8%.  The amended

judgment was entered July 23, 2019. Trustco filed an amended notice of appeal on July 24, 2019. Leeber filed an amended notice of cross-appeal on July 31, 2019.

*BACKGROUND*

The following facts are not in dispute. Leeber and Trustco entered a 20-year commercial lease on December 31, 2003, pursuant to which Leeber leased premises to Trustco to operate a bank branch. The building is served by a single sewer line that connects to a system owned by the local municipality.

On March 27, 2017, Trustco sent a letter notifying Leeber that "since in or about 2009" Trustco experienced "hazardous environmental conditions" at the premises and that, due to Leeber's failure to remedy these conditions, there was a "constructive eviction" from the premises. J. App'x at 313. The identified "hazardous environmental conditions" were "mold and sewage backup." J. App'x at 313. Accordingly, Trustco purported to terminate the lease on March 31, 2017. On April 4, 2017, Leeber notified Trustco that it had defaulted under the lease. On April 18, 2017, Leeber sent Trustco a written notice declaring an "Event of Default" under the lease based on nonpayment of rent and abandonment of the premises. J. App'x at 333-34. Trustco has not paid any rent since April 5, 2017.

From January 2012 to March 2016, Trustco experienced problems with the sewage facilities six times. Trustco called a plumber each time. Trustco did not inform Leeber of any problem with the sewer line or that a plumber had been called. On

4

December 18, 2016, a Trustco employee contacted Leeber about a toilet backup.  In response, Leeber called a plumber and later confirmed with the Trustco employee that the issue had been resolved.  At deposition, the Trustco employee testified that he was unaware of any communications with Leeber regarding sewage problems at the premises, besides the December 18, 2016 conversation.

Because Leeber was unable to pay its mortgage on the property, on July 13, 2017, Flushing Bank commenced a foreclosure action.  A Receiver was appointed in the foreclosure action on March 23, 2018.  On July 17, 2018, the Receiver filed his oath and bond with the state court, and the same day, Leeber filed for Chapter 11 bankruptcy protection.

### STANDARD OF REVIEW

"We review a district court's decision on a motion for summary judgment de novo, resolving all ambiguities and drawing all factual inferences in favor of the non-moving party." *Mudge v. Zugalla*, 939 F.3d 72, 79 (2d Cir. 2019).  "Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Novella v. Westchester Cty.*, 661 F.3d 128, 139 (2d Cir. 2011).  We review the denial of a Rule 60(b)(4) motion *de novo.  Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005).

## DISCUSSION

Trustco appeals the dismissal of its constructive eviction defense, the order enforcing an accelerated rent provision in the commercial lease, and the denial of its July 17, 2018, Rule 60(b)(4) motion claiming a lack of jurisdiction. Leeber cross-appeals the order denying accelerated rent for the five-year option period and the issuance of an amended judgment for lack of jurisdiction.

### A.    *Constructive Eviction*

The district court properly granted summary judgment in favor of Leeber on Trustco's constructive eviction defense. Under New York law, "constructive eviction exists where, although there has been no physical expulsion or exclusion of the tenant, the landlord's wrongful acts substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises." *Barash v. Penn. Terminal Real Estate Corp.*, 26 N.Y.2d 77, 83 (1970). Here, even assuming the sewage problems created a hazardous condition, a reasonable jury could only conclude that Trustco failed to comply with the notice provisions in the lease requiring it to provide written notice to Leeber in the event of "any environmental concerns" or any "defects [in the premises] or in any fixtures or equipment." J. App'x at 86, 101. The record shows that on the occasion when Leeber was notified of a sewage problem, it acted promptly in calling a plumber. At deposition, a Trustco employee admitted that he was not "aware of anyone at Trustco who ha[d] sent a letter or written document" to Leeber "concerning any condition or

6

event at the lease premises." J. App'x at 188.  Accordingly, we hold that the district

court correctly granted summary judgment in Leeber's favor on the constructive

eviction defense.[1]

## B. *Rent Acceleration*

The district court properly granted accelerated rent to Leeber based on the

valid and enforceable liquidated damages provision in the lease.[2]  Under New York

law, "[a] contractual provision fixing damages in the event of breach will be sustained if

the amount liquidated bears a reasonable proportion to the probable loss and the

amount of actual loss is incapable or difficult of precise estimation." *Truck Rent–A–Ctr.,*

*Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 425 (1977).

Trustco argues that rent acceleration clauses are not enforceable where the

lease does not require the landlord to re-rent the premises and apply the rent received

to the benefit of the tenant.  The New York Court of Appeals, however, has already

---

[1]    Because we find ample evidence in the record supporting the district court's decision to grant summary judgment on the constructive eviction defense, we need not reach Trustco's other arguments relating to the scope of Leeber's duty to repair and the extent Trustco waived its constructive eviction defense under New York law.  Even assuming Leeber owed a duty to repair the sewage facilities and Trustco had not waived its constructive eviction defense, a reasonable jury could not conclude that Trustco provided Leeber the mandatory written notice, as required in the commercial lease.

[2]    The commercial lease provides, in relevant part, that upon an event of default, Leeber may terminate the lease and recover from Trustco "all damages incurred by reason of such breach, including the cost of recovering the [] Premises plus the total of all Minimum Annual Rent, Additional Rent and all other charges reserved in th[e] Lease payable over the remainder of the stated Lease Term discounted to net present value utilizing a 6% discount rate."  J. App'x at 109.

rejected this argument on the ground that a landlord is not required to mitigate damages in the event a tenant breaches its lease agreement. *See 172 Van Duzer Realty Corp. v. Globe Alumni Student Assistance Ass'n, Inc.*, 24 N.Y.3d 528, 535 (2014) ("once a tenant abandons the property prior to expiration of the lease, a landlord is within its rights under New York law to do nothing and collect the full rent due under the lease" (alterations and internal quotation marks omitted)).

The district court denied acceleration with respect to the five-year extension of the lease that was part of a prior settlement of a prior dispute. Leeber contends this was error. We agree with the district court that the acceleration provision's reference to "the stated Lease Term" unambiguously refers to the twenty-year term set forth in Section 1.01 of the lease. The five-year extension was a separate "Option Term" and not part of the "Lease Term." The parties unambiguously "exercise[d] its first option to extend that lease and renew that lease for an additional five-year period" in an open court stipulation settlement. J. App'x at 494. That additional five-year period was an "Option Term," and not part of the "Lease Term" as clearly defined in the lease. Under New York law, an "open court" stipulation is a contract enforceable according to its terms, absent a showing of "fraud, collusion, mistake or accident." *Hallock v. State*, 64 N.Y.2d 224, 230 (1984); *see also Corona Fuel Corp. v. Nayci*, 35 N.Y.S.3d 171, 173 (2d Dep't 2016). The district court properly excluded Leeber's counsel's declaration contradicting the unambiguous terms of the "open court"

8

stipulation as inadmissible parol evidence. *See Schron v. Troutman Sanders LLP*, 20 N.Y.3d 430, 436 (2013) ("Parol evidence -- evidence outside the four corners of the document -- is admissible only if a court finds an ambiguity in the contract.").

## C. *Joinder of Indispensable Parties*

Moreover, the district court did not err in denying Trustco's motion under Rule 60(b)(4). Trustco argues that the district court erred in not dismissing the case for lack of jurisdiction because Flushing Bank and the Receiver were indispensable parties whose inclusion in the case would have destroyed diversity jurisdiction. A "court will be deemed to have plainly usurped jurisdiction only when there is a 'total want of jurisdiction' and no arguable basis on which it could have rested a finding that it had jurisdiction." *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986) (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972)).

The district court properly exercised its jurisdiction having found that the Receiver and Flushing Bank were not indispensable parties. As noted by the district court, the Receiver was not authorized to collect rents due until he filed his oath and bond on July 17, 2018, well after this suit was commenced in April 2017. Furthermore, Flushing Bank was also not an indispensable party because it did not take affirmative steps to enforce its right to collect rent under the lease until it commenced a foreclosure action in July 2017. Indeed, Trustco failed to raise any jurisdictional challenge before the district court issued its summary judgment decision on June 4, 2018. Because the

9

mortgage agreement between Leeber and Flushing Bank confirmed Leeber's residual interest in collecting rent, even in the event of default, the district court properly held that at the outset of the litigation in April 2017 and at time of its June 4, 2018 decision, the Receiver and Flushing Bank were not indispensable parties.[3]

### D. *Amended Judgment*

The district court properly exercised its jurisdiction in issuing an amended judgment after the parties filed notices of appeal. While it is true that the filing of a notice of appeal typically "divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam), a notice of appeal does not divest a district court of jurisdiction to decide a timely-filed motion pursuant to Federal Rule of Civil Procedure 60. Under Federal Rule of Appellate Procedure (4)(a)(4)(B)(i), a notice of appeal filed while a Rule 60(b) motion is outstanding in the district court "becomes effective" only once that motion is resolved. Fed. R. App. P. 4(a)(4)(B)(i); *see also* Fed. R. App. P. 4(a)(4) advisory committee's note to 1993 amendment ("A notice [of appeal] filed . . . after the filing of a motion [such as a Rule 60(b) motion] but before disposition of the motion is, in effect,

---

[3] For substantially the same reasons as discussed above and the reasons reviewed by the district court, we also agree that Leeber had standing at the outset of this litigation in April 2017 to pursue rent payments from Trustco. *See Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir. 1994) ("standing is measured as of the time the suit is brought").

10

suspended until the motion is disposed of . . . ").  However, an amended notice of appeal is required for this Court to have jurisdiction to review the resolved motion.

Here, on May 6, 2019, Trustco timely filed its letter motion seeking an amended judgment, which the district court construed as a Rule 60 motion.  Trustco then filed a notice of appeal on May 31.  After the district court issued an amended judgment on July 23, Trustco filed an amended notice of appeal on July 24.  The amended judgment and the district court's Rule 60(b)(1) decision adjusting the post-judgment interest rate are properly before this Court.  For the reasons articulated in the district court's well-reasoned July 18, 2019 order, we affirm the amended judgment.

\*   \*   \*

We have reviewed the parties' remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11