Ruru & Assoc. LLC v Weinberg Holdings LLC (2023 NY Slip Op 50392(U))

[*1]

Ruru & Assoc. LLC v Weinberg Holdings LLC

2023 NY Slip Op 50392(U)

Decided on May 1, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 1, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Michael, James, JJ.

570179/22

Ruru & Associates LLC, Petitioner-Landlord-Respondent, 
against
Weinberg Holdings LLC d/b/a The Boiler Room Bar and Weinberg Holdings LLC d/b/a Queen Vic, Respondent-Tenant-Appellant.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Hilary Gingold, J.), entered June 13, 2022, which granted landlord's motion to vacate a stay of execution of the warrant of eviction in a commercial nonpayment summary proceeding.

Per Curiam.
Order (Hilary Gingold, J.), entered June 13, 2022, affirmed, with $10 costs.
Civil Court properly granted landlord's application to execute on the warrant of eviction issued in connection with a 2019 stipulation settling a commercial nonpayment proceeding. Tenant's failure to make the final stipulated payment due April 5, 2020, and failure to cure its default within the agreed-upon five day period, was a breach of the two attorney, so-ordered stipulation entitling landlord to the agreed remedy (see Cadlerock Joint Venture, L.P., v Rubenstein, 26 AD3d 219, 220 [2006]; 1029 Sixth v Riniv Corp., 9 AD3d 142 [2004], lv dismissed 4 NY3d 795 [2005]; Mill Rock Plaza Assoc. v Lively, 224 AD2d 301 [1996]). Literal enforcement of the terms of the stipulation of settlement is not unjust in this case, where the agreement was negotiated by sophisticated parties, all of whom were represented by counsel, and the default was neither inadvertent nor trivial (see McKenzie v Vintage Hallmark, 302 AD2d 503, 504 [2003]). As Civil Court noted, tenant's last payment under the stipulation was made "more than five months after it was due and owing."
Tenant never argued below that the June 2020 notice of default was void; accordingly, the argument is waived (see Sea Trade Mar. Corp. v Coutsodontis, 111 AD3d 483, 486 [2013]). We also reject tenant's argument raised for the first time in its reply brief that "service of the default notice was enforcement of an eviction proceeding in violation of Executive Order 202.28." An argument raised for the first time in reply - when the other party has no chance to respond - should not be considered (see Simon v FrancInvest, S.A., 192 AD3d 565 [2021], appeal [*2]dismissed 37 NY3d 1005 [2021]; Shia v McFarlane, 46 AD3d 320, 321 [2007]). In any event, the argument is unavailing. The notice of default did not violate the State's moratorium on commercial evictions because it constituted neither the "initiation of proceedings or enforcement of ... an eviction" (Executive Order [A. Cuomo] No 202.28 [9 NYCRR 8.202.28]). Indeed, the notice of default expressly disavowed executing on any eviction until, e.g., the moratorium on evictions was lifted (see generally Cenpark Realty, LLC v Gurin, 204 AD3d 436 [2022]).
The commercial tenant failed to establish any other basis to vacate the warrant (see City of New York v 130/40 Essex St. Dev. Corp., 302 AD2d 292 [2003]). Tenant's economic difficulties during the pandemic did not excuse it from performance under the stipulation (see e.g. Fives 160th, LLC v Qing Zhao, 204 AD3d 439 [2022]; Knickerbocker Retail LLC v Bruckner Forever Young Social Adult Day Care Inc., 204 AD3d 536 [2022]; 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561 [2021], appeal dismissed 37 NY3d 1040 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 1, 2023