Lakeland Bank v Beach (2023 NY Slip Op 50931(U))

[*1]

Lakeland Bank v Beach

2023 NY Slip Op 50931(U)

Decided on September 1, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 1, 2023
Supreme Court, New York County

Lakeland Bank, Plaintiff,

against
Dennie Beach, Defendant.

Index No. 102772/2010

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 were read on this motion to VACATE - DECISION/ORDER/JUDGMENT/AWARD.
This action was commenced in March of 2011 by plaintiff Lakeland Bank, to recover on monies owed by defendant Dennie Beach on a boat loan. On or about October 18, 2011, plaintiff and defendant executed a stipulation of settlement in which the defendant agreed to pay the total sum of $117,000 in monthly installments of $750 per month commencing November 7, 2011. Plaintiff alleged that as of June 2022, only $84,750 of the total amount owed by defendant had been paid. On January 5, 2023, plaintiff applied for entry of judgment against defendant for his failure to abide by the payment schedule set forth in the settlement agreement. Judgment was entered by the New York County Clerk's Office on January 30, 2023 (NYSCEF doc. no.).
In motion sequence 002, defendant Dennie M. Beach, seeks to vacate the default judgment entered against him. For the foregoing reasons, defendant's motion to vacate the default judgment is denied.

 BACKGROUND
This action was commenced in March of 2011 by the filing of a summons and complaint (NSYCEF doc. no. 1). The complaint asserted two causes of action against defendant for an alleged failure to pay $233,175.69 for a 2005 Meridan Boat. A stipulation of settlement was signed on October 8, 2011 resolving the case (NYSCEF doc. no. 35). Paragraph 4 of the stipulation provides:
"in the event that defendant, fails to make any of the said payments on the above due dates, and defendant fails to cure its default within ten days after notice to its attorney by fax and telephone call, the plaintiff may enter judgment herein against the defendant, for the full amount demanded in the complaint together with interests, costs and disbursements, giving upon execution, credit for any monies paid prior to any such default"
(id.).
When defendant failed to make the requisite payments in accordance with the settlement terms, a default notice was served upon defendant on November 8, 2022 (NYSCEF doc. no. 22), and defendant's counsel on December 22, 2022 (NYSCEF doc. no. 15). A request for default judgment was filed 14 day later on January 5, 2023 (NYSCEF doc. no. 12). A money judgment was entered and filed on January 30, 2023 (NYSCEF doc. no. 23).

 DISCUSSSION
Plaintiff moves to vacate the default order issued against him the grounds that: (1) the court lacked personal jurisdiction and the summons and complaint were not properly served; (2) for his excusable default due to a family illness; and (3) on the grounds that a meritorious defense to the action exists in that the sale of the collateral property (boat) was made at a commercially unreasonable price (NYSCEF doc. no. 26).
CPLR 3215 (i) (1) governs when a default judgment for failure to comply with a stipulation of settlement is entered. It states:
Where, after commencement of an action, a stipulation of settlement is made, providing, in the event of failure to comply with the stipulation, for entry without further notice of a judgment in a specified amount with interest, if any, from a date certain, the clerk shall enter judgment on the stipulation and an affidavit as to the failure to comply with the terms thereof, together with a complaint or a concise statement of the facts on which the claim was based, and, if applicable, a statement that the interest rate for consumer debt pursuant to section five thousand four of this chapter applies.
In this matter, a stipulation of settlement was signed on October 8, 2011 (NYSCEF doc. no. 35). Paragraph 4 of the stipulation set forth the consequences for defendant's failure to abide by the settlement terms. The stipulation expressly stated that if defendant failed to make any of the said payments on the due dates, and failed to cure its default within ten days after notice, plaintiff may enter judgment against defendant, for the full amount demanded in the complaint (id.). When defendant failed to timely make his payments, a default notice was served upon him and his attorney (NYSCEF doc. nos. 15, 22).[FN1]
The money judgment was properly entered and [*2]filed against defendant on January 30, 2023 (NYSCEF doc. no. 23).
Therefore, in order vacate a properly issued default judgment for failure to comply with a stipulation of settlement, defendant must establish cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident (Bethea v Thousand, 127 AD3d 798, 799 [2d Dept 2015] citing, Hallock v State, 64 NY2d 224, 230 [1984]).
Here, defendant has not set forth any evidence to suggest that the stipulation was entered as a result of any of the aforementioned factors. Defendant's conclusory allegation that the boat was not sold at a 'commercially reasonable price' is insufficient to invalidate his agreement (NYSECF doc. no. 26). Nothing in his affidavit suggests that his attorneys lacked authority to enter the agreement on his behalf, or that the sale price of the boat was somehow listed improperly or due to fraud or mistake.
Neither does the defendant's claim of family illness suffice. In order to set aside a stipulation of settlement for 'lack of capacity' due to illness, a litigant must set forth evidence of incapacity of such a nature that the litigant was incapable of comprehending the nature of the transaction or making a rational judgment concerning the transaction, or provide evidence that by reason of illness the litigant was unable to control his conduct (Valsamos v Valsamos, 136 AD3d 625, 626 [2d Dept 2016]). Defendant's affidavit merely stated that his "brother in Chicago had [a] kidney transplant" that "placed undue stress on [his] family" (NYSECF doc. no. 26). Self-serving statements are insufficient to meet the evidentiary burden of establishing diminished capacity (id.).
In this matter, defendant has not met his burden of entitlement to vacatur of the default judgment issued against him. A stipulation of settlement is a contract and is enforceable according to its terms (McKenzie v Vintage Hallmark, PLC., 302 AD2d 503, 504 (2d Dept 2003). "Stipulations of settlements are favored by courts and are not to be lightly set aside particularly where the party seeking to vacate the stipulation was represented by counsel" (id.). 
Literal enforcement of the terms of the stipulation of settlement is not unjust, especially where the agreement was negotiated by sophisticated parties, all of whom were represented by counsel, and the default was neither inadvertent nor trivial (id.).

CONCLUSION
Accordingly, it is hereby
ORDERED that defendant's motion to vacate its default herein (motion seq. no. 002) is denied in its entirety. 
09/01/2023
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1:Defendant's conclusory denial of receipt of summons and complaint is insufficient to rebut the presumption of service (Gourvitch v 92nd & 3rd Rest Corp., 146 AD3d 431 (1st Dept 2017).