255 Alameda LLC v White Birch SPA Inc. (2025 NY Slip Op 50363(U))

[*1]

255 Alameda LLC v White Birch SPA Inc.

2025 NY Slip Op 50363(U)

Decided on March 24, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 24, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570466/24

255 Alameda LLC, Petitioner-Landlord-Respondent,
against
White Birch SPA Inc., Respondent-Tenant-Appellant.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Jose A. Padilla, Jr., J.), entered May 28, 2024, which denied its motion to stay execution of a warrant of eviction and to restore the matter to the calendar in a nonpayment summary proceeding.

Per Curiam.
Order (Jose A. Padilla, Jr., J.), entered May 28, 2024, affirmed, with $10 costs.
Pursuant to the terms of a March 2024 so-ordered stipulation settling this commercial nonpayment summary proceeding, tenant acknowledged owing $222,086.15 in rent and additional rent; and landlord, after conditionally waiving over half of the arrears, was awarded a possessory and money judgment in the amount of $118,999.83. The stipulation further provided that the warrant of eviction was to issue forthwith, with execution of the warrant stayed on the condition that tenant complied with a specified time of the essence/no defaults deminimus payment schedule, which included payment of "current rent and additional rent as it becomes due." Upon tenant's failure to make timely payment, the stipulation authorized landlord to execute upon the warrant and to recover the arrears conditionally waived. 
The parties' stipulation of settlement is clear, and literal enforcement of its terms is not unjust under the circumstances (see Taboola, Inc. v Newsweek Media Group, Inc., 171 AD3d 510, 511 [2019]; Mill Rock Plaza Assoc. v Lively, 224 AD2d 301 [1996]). The commercial tenant clearly violated the stipulation's provisions by failing to make the first scheduled (April) rent payment in a timely manner and by failing to pay the additional rent owed for April (see Cadlerock Joint Venture, L.P. v Rubenstein, 26 AD3d 219, 220 [2006]; 567 W. 125th St. Realty, LLC v VJRJ Rests. LLC, 46 Misc 3d 150[A], 2015 NY Slip Op 50287[U] [App Term, 1st Dept 2015]). Moreover, "literal enforcement of the terms of the stipulation of settlement is not unjust in this case, where the agreement was negotiated by sophisticated parties, all of whom were [*2]represented by counsel, and the default was neither inadvertent nor trivial" (McKenzie v Vintage Hallmark, 302 AD2d 503, 504 [2003]; see also 1029 Sixth v Riniv Corp., 9 AD3d 142 [2004], appeal dismissed 4 NY3d 795 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 24, 2025