Board of Mgrs. of Mountainside Hills Condominium II v Pantaleone (2025 NY Slip Op 06594)

Board of Mgrs. of Mountainside Hills Condominium II v Pantaleone

2025 NY Slip Op 06594

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-03629
 (Index No. 7661/16)

[*1]Board of Managers of Mountainside Hills Condominium II, respondent, 
v
Anthony Pantaleone, et al., appellants, et al., defendants.

Anthony Pantaleone, Goshen, NY, appellant pro se, and Kevin T. Conway, New City, NY, for appellant Frances Pantaleone (one brief filed).
Kalter, Kaplan, Zeiger & Forman, Woodbourne, NY (Terry S. Forman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover unpaid common charges and related fees, the defendants Anthony Pantaleone and Frances Pantaleone appeal from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated April 6, 2021. The order, insofar as appealed from, denied those defendants' motion to vacate a clerk's judgment of the same court entered November 20, 2019, upon their failure to comply with a so-ordered stipulation of settlement dated May 6, 2019, which is in favor of the plaintiff and against those defendants in the total sum of $78,111.02.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendants Anthony Pantaleone and Frances Pantaleone (hereinafter together the defendants), the owners of a condominium unit located in Middletown, inter alia, to recover unpaid common charges and related fees. On May 6, 2019, the plaintiff and the defendants executed a stipulation of settlement, which was subsequently so-ordered by the Supreme Court. The stipulation of settlement required the defendants to make certain installment payments to the plaintiff until an agreed-upon amount representing the unpaid common charges and related fees was satisfied. It also provided that upon the defendants' failure "to pay any one or more of the payments called for under this Stipulation of Settlement" by the applicable deadline, the plaintiff had the right to seek the entry of a judgment against the defendants in an amount "representing all sums due to the [p]laintiff . . . with interest," subject to certain deductions. However, before seeking the entry of such a judgment, the stipulation of settlement required the plaintiff to first serve the defendants with a notice to cure, with one copy sent via email to their attorney and another copy sent directly to the defendants via first-class mail. Once seven days elapsed after delivery of the notice to cure through both means of service, the stipulation of settlement permitted the plaintiff to seek the entry of a judgment.
The defendants failed to pay an installment due on November 1, 2019. On November 7, 2019, the plaintiff sent a notice to cure to the defendants' attorney by email and, according to an affidavit of service, to the defendants by first-class mail. On November 19, 2019, after the [*2]defendants failed to cure their default, the plaintiff submitted a proposed judgment to the Orange County Clerk's Office. The next day, a clerk's judgment was entered in favor of the plaintiff and against the defendants in the total sum of $78,111.02 upon the defendants' failure to comply with the stipulation of settlement.
In October 2020, the defendants moved to vacate the clerk's judgment. In an order dated April 6, 2021, the Supreme Court, among other things, denied the motion. The defendants appeal.
"Generally, proof that an item was properly mailed gives rise to a rebuttable presumption that the item was received by the addressee" (Bank of Am. v Guillaume, 169 AD3d 625, 626 [internal quotation marks omitted]; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556). The presumption may be created, among other methods, through submission of "a properly executed affidavit of service . . . , and a mere denial of receipt is not enough to rebut th[e] presumption" of receipt (Kihl v Pfeffer, 94 NY2d 118, 122; see Nassau Prop. Invs., LLC v Goffe, 213 AD3d 679, 681). "CPLR 2103(b)(2) provides that 'where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period if the mailing is made within the state'" (HSBC Bank USA, N.A. v Maniatopoulos, 175 AD3d 575, 575-576). A period of time is "prescribed by law" pursuant to this provision not only when it is "fixed by statute" but also when set "by the court" (Sultana v Nassau Hosp., 188 AD2d 647, 648, citing Corradetti v Dales Used Cars, 102 AD2d 272, 273). "'The extension provided in CPLR 2103(b)(2) constitutes legislative recognition of and compensation for delays inherent in mail delivery'" (Simon v Usher, 17 NY3d 625, 628, quoting Sultana v Nassau Hosp., 188 AD2d at 648). "[T]he Legislature enacted the provision to give the party responding to service by mail the full amount of the responding period provided for the doing of an act" (HSBC Bank USA, N.A. v Maniatopoulos, 175 AD3d at 576 [internal quotation marks omitted]). Therefore, "[p]roof of proper mailing gives rise to a rebuttable presumption that the [item mailed] was received by the [addressee] five days after mailing" (Matter of Fiondella v Town of E. Hampton Architectural Review Bd., 212 AD3d 811, 812; see Matter of Laczko v Szoca, 191 AD3d 678, 679-680).
Here, contrary to the defendants' contention, the Supreme Court properly denied their motion to vacate the clerk's judgment. The plaintiff submitted an affidavit of service establishing that the notice to cure was mailed to the defendants on November 7, 2019, which created a rebuttable presumption that they received it on November 12, 2019 (see CPLR 2103[b][2]; [c]; Matter of Hepco Plumbing & Heating v New York City Dept. of Bldgs., 227 AD3d 903, 905; Matter of Fiondella v Town of E. Hampton Architectural Review Bd., 212 AD3d at 812). Anthony's mere denial of receipt was insufficient to rebut that presumption (see Kihl v Pfeffer, 94 NY2d at 122; Almonte v Soldati Realty, Inc., 231 AD3d 1103, 1104). Moreover, "[a] stipulation of settlement is a contract, enforceable according to its terms" (MBR Contr., Inc. v Atakhanian, 136 AD3d 763, 764-765 [internal quotation marks omitted]). Since the plaintiff submitted the proposed judgment to the Orange County Clerk's Office seven days after the presumed date that the defendants received the notice to cure, the plaintiff complied with the terms of the stipulation of settlement before seeking the entry of a judgment. The defendants therefore failed to demonstrate that the clerk's judgment should be vacated (see Corona Fuel Corp. v Nayci, 140 AD3d 1004, 1006; MBR Contr., Inc. v Atakhanian, 136 AD3d at 765).
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
DILLON, J.P., CHRISTOPHER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court