Sekosan v A Bronx Woman's Med. Pavillion P.C. (2026 NY Slip Op 00865)

Sekosan v A Bronx Woman's Med. Pavillion P.C.

2026 NY Slip Op 00865

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Moulton, J.P., Friedman, González, O'Neill Levy, Chan, JJ. 

Index No. 810114/23|Appeal No. 5856|Case No. 2025-01482|

[*1]Marjana Sekosan, Plaintiff-Respondent,
vA Bronx Woman's Medical Pavillion P.C. et al., Defendants-Appellants.

The Law Offices of Michael J.S. Pontone, P.C., New York (Michael J.S. Pontone of counsel), for appellants.
Justin S. Clark, New York, for respondent.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about January 14, 2025, which denied defendants' motion to vacate a default judgment entered against them and to restore the case to the calendar, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying defendants' motion to vacate the default judgment (see CPLR 5015[a][1]; Commonwealth Land Title Ins. Co. v Sky Abstract, LLC, 242 AD3d 447, 447 [1st Dept 2025]). Defendants failed to provide any basis for vacating the judgment in light of their default under the parties' stipulation of settlement (see Taboola, Inc. v Newsweek Media Group, Inc., 171 AD3d 510, 511 [1st Dept 2019]). Defendants failed to provide a reasonable excuse for not timely tendering payment to plaintiff. Defendants also failed to establish a meritorious defense to the action by establishing that they sent plaintiff a check for the amount owed within five days of receiving plaintiff's notice to cure, as required by the parties' stipulation of settlement.
The fact that plaintiff cashed all 10 of the previous checks defendants sent to her pursuant to their stipulation of settlement and that defendant Brian E. Park claims that he immediately issued a check to plaintiff in the amount owed after receiving plaintiff's notice to cure, does not establish that the check was ever mailed or received by plaintiff, nor does it establish that plaintiff refused to deposit the check so that she could demand $17,500 in monetary damages, as defendants suggest. Requiring literal enforcement of the terms of the stipulation of settlement is not unjust (see McKenzie v Vintage Hallmark, 302 AD2d 503, 504 [2d Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026